IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

VINCENT D. MULLINS,

       Plaintiff,

  v.

PREMIER NUTRITION CORPORATION,

       Defendant.
_____/

No. C 13-1271 RS

**ORDER RE STIPULATION FOR PROTECTIVE ORDER**

      The parties have submitted a stipulation for entry of a protective order to govern the production and use of confidential materials in this action.  While there is no requirement that parties utilize the model protective order available on the court's website at http://www.cand.uscourts.gov/stipprotectorder, it is important that parties understand that confidentiality designations must be made narrowly and with care for the applicable legal standards. The model order memorializes this principle as follows:

      5.1    <u>Exercise of Restraint and Care in Designating Material for Protection</u>. Each Party or Non-Party that designates information or items for protection under this Order must take care to limit any such designation to specific material that qualifies under the appropriate standards. The Designating Party must designate for protection only those parts of material, documents, items, or oral or written communications that qualify – so that other portions of the material, documents, items, or communications for which protection is not warranted are not swept unjustifiably within the ambit of this Order.

Mass, indiscriminate, or routinized designations are prohibited. Designations that are shown to be clearly unjustified or that have been made for an improper purpose (e.g., to unnecessarily encumber or retard the case development process or to impose unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.

If it comes to a Designating Party's attention that information or items that it designated for protection do not qualify for protection, that Designating Party must promptly notify all other Parties that it is withdrawing the mistaken designation.

Here, although the parties' proposed order contains some language referring to the governing legal standards and it employs a definition and listing of categories of confidential information that may generally be consistent with those standards, it does not plainly reflect an understanding by the parties of their obligation to avoid over-designations. Perhaps most troubling, it includes provisions that certain types of material will be deemed confidential by default, even in the absence of specific designations.

Accordingly, the proposed protective order will not be entered in its present form. As noted, the parties are not required to follow the model form, but they should review it when modifying their proposal to address the concerns expressed in this order.

IT IS SO ORDERED.

Dated: 1/24/14

RICHARD SEEBORG
UNITED STATES DISTRICT JUDGE