BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
701 B Street, Suite 1700
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

*Attorneys for Plaintiff*

ARNOLD PORTER, LLP
ANGEL A. GARGANTA (163957)
RACHEL L. CHANIN (229253)
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111-4024
Tel: 415/471-3100
415/471-3400 (fax)
angel.garganta@aporter.com
rachel.chanin@aporter.com

ARNOLD PORTER, LLP
GUIDO E. TOSCANO (266304)
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Tel: 213/243-4000
213/243-4199 (fax)
guido.toscano@aporter.com

*Attorneys for Defendant*

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| VINCENT D. MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No.:   C-13-01271 RS<br><br>STIPULATION AND [PROPOSED] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS **AS MODIFIED BY COURT**<br><br>CLASS ACTION<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:   Honorable Richard Seeborg<br>Courtroom:   Courtroom 3, 17th Floor<br><br>Complaint Filed:  03/21/13 |

WHEREAS the parties to these Actions, Plaintiff Vincent D. Mullins, on behalf of himself, all others similarly situated, and the general public, and Defendant Premier Nutrition Corporation, believe that certain information that is or may be sought by discovery requests or otherwise in this action constitutes trade secrets or other confidential or other proprietary information within the meaning of Federal Rule of Civil Procedure 26(c).

**IT IS HEREBY STIPULATED**, subject to the approval of the Court that:

**1.     PARTIES TO THE PROTECTIVE ORDER**.  This Stipulated Order Governing the Designation and Handling of Confidential Materials (hereinafter "Order") shall govern all Discovery Materials produced, disclosed, or designated as Confidential Information or Highly Confidential Information in the above-captioned action (the "Action") by any party or non-party, or their respective counsel, retained experts, directors, officers, employees, or agents (referred to herein collectively as "Representatives") (the "Designating Party") to any other party or its Representatives (the "Receiving Party").  Discovery materials may be designated as Confidential Information or Highly Confidential Information by the producing party or a party to this protective order whose Confidential Information or Highly Confidential Information is produced by a third party.  The "Designating Party" and "Receiving Party" are referred to collectively as "Parties."

**2.     PURPOSES AND LIMITATIONS.** Disclosure and discovery activity in this action are likely to involve production of confidential, proprietary, or private information for which special protection from public disclosure and from use for any purpose other than prosecuting this litigation may be warranted.  Accordingly, the Parties hereby stipulate to and petition the Court to enter the following Order.  The Parties acknowledge that this Order does not confer blanket protections on all disclosures or responses to discovery and that the protection it affords from public disclosure and use extends only to the limited information or items that are entitled to confidential treatment under the applicable legal principles.  The parties further acknowledge, as set forth in Section 15, below, that this Order does not entitle them to file confidential information under seal; Civil Local Rule 79-5 sets forth the

procedures that must be followed and the standards that will be applied when a party seeks permission from the Court to file material under seal.

**3. SCOPE OF THE PROTECTIVE ORDER**. This Order shall govern, for pre-trial purposes only, the use of Confidential Information or Highly Confidential Information produced in this Action. For purposes of this Order, the Designating Party bears the burden of establishing the confidentiality of all such information, documents, materials or items.

**4. DEFINITION OF "CONFIDENTIAL INFORMATION."** For purposes of this Order, "Confidential Information" shall mean and include non-public confidential information of or in the possession of the Designating Party that the Designating Party considers in good faith to contain trade secrets or confidential business, financial, or technical information that qualifies for protection under the Federal Rules of Civil Procedure or California law, possibly including without limitation product formulas; market, consumer and product research; product concepts; supplier information; manufacturing locations; non-public financial information regarding the Party's goods, services and businesses and potential businesses, including cost information, and profit and loss information; non-public financial projections and forecasts; internal profit and loss statements and other non-public financial and economic information including financial analyses, budgets, sales projections and forecasts; non-public information regarding business development, marketing and sales plans; non-public surveys; non-public technical information including non-public engineering, manufacturing and commercial information and know-how; non-public competitive analyses; customer information; confidential agreements with third parties; confidential communications with third parties; information received from third parties under conditions of confidentiality, for example, pursuant to non-disclosure agreements or confidentiality provisions; proprietary databases and other proprietary electronically stored information. Any copies or reproductions, excerpts, summaries or other documents or media that contain Confidential Information as defined above shall also be treated as Confidential Information pursuant to this Order.

**5.     DEFINITION OF "HIGHLY CONFIDENTIAL INFORMATION."** The term "Highly Confidential Information" shall mean the subset of Confidential Information that contains information of an extremely sensitive nature as to which the Designating Party has a good faith belief that disclosure to a Receiving Party, even pursuant to the restrictions of this Protective Order governing Confidential Information, would create a substantial risk of serious harm that could not be avoided by less restrictive means. The Parties agree that Highly Confidential Information should be produced on more restrictive terms than other Confidential Information to reduce the substantial risk of serious competitive harm.

**6.     MARKING DOCUMENTS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION.** The Designating Party shall designate Confidential Information by stamping copies of the document produced to a Party with the legend "CONFIDENTIAL" or "HIGHLY CONFIDENTIAL" on each page containing Confidential Information or Highly Confidential Information. Any such stamp or designation shall not in any manner cover up, overlap upon, obscure or otherwise conceal any text, picture, drawing, graph or other communication or depiction in the document. Blanket designation of documents or information as Confidential or Highly Confidential Information, en masse and/or without regard to the specific contents of each document or each piece of information, is prohibited.

**7.     DESIGNATING DEPOSITIONS CONFIDENTIAL OR HIGHLY CONFIDENTIAL INFORMATION.** With respect to any deposition, confidential treatment may be invoked by designating specific pages and/or lines as Confidential or Highly Confidential Information on the record at the deposition, or by serving such designations within thirty days after receipt of the transcript of the deposition in which the designations are made. Pending such designation by outside counsel, the entire deposition transcript, including exhibits, shall be deemed Highly Confidential Information. ~~If no specific designation is made within the prescribed time, the entire transcript will be deemed to contain Confidential Information.~~ If no specific designation is made within the prescribed time, the entire transcript

1  will be deemed <u>not</u> to contain Confidential or Highly Confidential Information.
2  Notwithstanding any ~~automatic or~~ specific designations under this Paragraph, the other parties
3  may object to Confidential Information or Highly Confidential Information in accordance with
4  Paragraph 15.

5  **8.    EXERCISE OF RESTRAINT AND CARE IN DESIGNATING
6  MATERIAL FOR PROTECTION**.  Each Party or Non-Party that designates information or
7  items for protection under this Order must take care to limit any such designation to specific
8  material that qualifies under the appropriate standards.  The Designating Party must designate
9  for protection only those parts of material, documents, items, or oral or written
10 communications that qualify – so that other portions of the material, documents, items, or
11 communications for which protection is not warranted are not swept unjustifiably within the
12 ambit of this Order.  Mass, indiscriminate, or routinized designations are prohibited.
13 Designations that are shown to be clearly unjustified or that have been made for an improper
14 purpose (*e.g.*, to unnecessarily encumber or retard the case development process or to impose
15 unnecessary expenses and burdens on other parties) expose the Designating Party to sanctions.
16 If it comes to a Designating Party's attention that information or items that it designated for
17 protection do not qualify for protection, that Designating Party must promptly notify all other
18 Parties that it is withdrawing the mistaken designation.

19 **9.    INADVERTENT FAILURES TO DESIGNATE**.  If timely corrected, an
20 inadvertent failure to designate qualified information or items does not, standing alone, waive
21 the Designating Party's right to secure protection under this Order for such material.  Upon
22 timely correction of a designation, a Receiving Party must make reasonable efforts to assure
23 that the material is treated in accordance with the provisions of this Order.

24 **10.   DISCLOSURE OF CONFIDENTIAL INFORMATION.**  Absent prior
25 written permission from the Designating Party or further order from the Court, a Receiving
26 Party may disclose Confidential Information only to the following persons, pursuant to the
27 terms of this Order:

28

(a) the Court, including attorneys, employees, judges, magistrates, secretaries, special masters, stenographic reporters, staff, transcribers and all other personnel necessary to assist the Court in its function, and the jury, as well as mediators or arbitrators, including their necessary staff and personnel, engaged by the Parties for settlement purposes;

(b) any officer, director or employee of Defendant or any Plaintiff currently named in this Action to the extent deemed necessary by counsel for purposes only in connection with this Action;

(c) Outside counsel of record in this Action (including all partners and associate attorneys of such counsel's law firms who are assisting in the conduct of the Action), in-house counsel for Defendant, and supporting personnel employed by the outside counsel of record and Defendant's in-house counsel;

(d) litigation support services, including outside copying services, court reporters, stenographers or companies engaged in the business of supporting computerized or electronic litigation discovery or trial preparation, retained by a Party or its counsel;

(e) consulting or testifying experts, including associated personnel necessary to assist experts in the Action;

(f) any person who created, authored, received or reviewed such Confidential Information;

(g) auditors and insurers of the Parties;

(h) persons from whom testimony is taken or is scheduled to be taken in this Action, provided that counsel can establish that such disclosure or access is reasonably necessary to the prosecution or defense of this Action, and provided that information designated "Confidential" may be disclosed to such persons only in the preparation for, review of, or in the course of his or her testimony, and that such person shall not retain such information designated "Confidential" after his or her testimony is concluded; and

(i) any person as may be designated by written agreement by the producing Party or by order of the Court.

**11. DISCLOSURE OF HIGHLY CONFIDENTIAL INFORMATION**: Absent prior written permission from the Designating Party or further order from the Court, Highly Confidential Information shall not be disclosed to any person other than those identified in Paragraph 8(a), (c)-(g), (i). Persons identified in Paragraph 8(b) may view Highly Confidential Information, but only in the presence of outside counsel, and may not thereafter retain copies of such Highly Confidential Information. Persons designated by a Party as witnesses pursuant to Fed. R. Civ. P. 30(b)(6) may view Highly Confidential Information subject to the limitations set forth in Paragraph 8(h).

**12.** The Parties agree to limit their designation of Confidential Information and Highly Confidential Information solely to information which they, in good faith, believe qualifies for such designation under applicable law. No Party receiving Confidential Information or Highly Confidential Information shall be under any obligation to object to the designation of any document at the time such designation is made or at any time thereafter. No Party shall, by failure to object, be found to have acquiesced or agreed to such designation or be barred from objecting to such designation at any time.

**13. EXECUTING THE NON-DISCLOSURE AGREEMENT**. Each person to whom Confidential Information or Highly Confidential Information is disclosed, except the persons identified in ¶¶8(a), (c), and (d) above, shall execute a non-disclosure agreement in the form annexed hereto as Exhibit A before receiving Confidential Information or Highly Confidential Information. Nothing herein shall require any officer, director or employee of Defendant or any Plaintiff currently named in this Action to execute a Non-Disclosure Agreement with respect to documents for which it is the Designating Party. Copies of the executed Exhibit A shall be retained by counsel disclosing Confidential Information or Highly Confidential Information to such person.

**14.   CHALLENGING CONFIDENTIAL DESIGNATIONS**.  A Party or other person objecting to designation of any material as Confidential Information or Highly Confidential Information shall give written notice to the Designating Party.  Upon receipt of the written objection, counsel for the Designating Party shall, within ten (10) Court days, provide a written response to the objecting Party explaining the basis for the designation as Confidential Information or Highly Confidential Information; otherwise the document(s) or material(s) shall be deemed to be no longer Confidential Information or Highly Confidential Information without a Court order.  Pursuant to Civil Local Rule 37-1(a), the Parties and any other objecting person(s) shall meet and confer in good faith to attempt to resolve the dispute without resort to Court intervention.  If the objecting Party or person and the Designating Party cannot resolve their dispute through such meet and confer discussions, the Designating Party, within fifteen (15) Court days after the Designating Party serves its response to the objection notification, shall file and serve a motion to retain confidentiality under Civil Local Rule 7. The Designating Party has the burden of establishing that the document is entitled to protection.  Any material so designated shall remain Confidential Information or Highly Confidential Information, as designated, and shall be subject to all of the restrictions on its disclosure and use set forth in this Order until such time as the Court may determine otherwise. In the event the Court rules that the challenged material is not Confidential Information or Highly Confidential Information, the Designating Party shall reproduce copies of all materials so designated without the "Confidential Information" or "Highly Confidential Information" label at the Designating Party's expense within ten (10) business days.

**15.   SUBPOENA FOR CONFIDENTIAL INFORMATION**.  If a Party is served with a subpoena or a court order issued in other litigation that compels disclosure of any information or items designated in this action as Confidential Information or Highly Confidential Information, that Party must:

1  (a)  promptly notify in writing the Designating Party. Such notification
2 shall include a copy of the subpoena or court order;

3  (b)  promptly notify in writing the Party who caused the subpoena or order
4 to issue in the other litigation that some or all of the material covered by the subpoena or order
5 is subject to this Order. Such notification shall include a copy of this Order; and

6  (c)  cooperate with respect to all reasonable procedures sought to be pursued
7 by the Designating Party whose material may be affected.

8  If the Designating Party timely seeks a protective order, the Party served with the
9 subpoena or court order shall not produce any information designated in this action as
10 Confidential Information or Highly Confidential Information before a determination by the
11 court from which the subpoena or order issued, unless the Party has obtained the Designating
12 Party's permission. The Designating Party shall bear the burden and expense of seeking
13 protection in that court of its confidential material – and nothing in these provisions should be
14 construed as authorizing or encouraging a Receiving Party in this action to disobey a lawful
15 directive from another court.

16  **16.  A NON-PARTY'S PROTECTED MATERIAL SOUGHT TO BE**
17 **PRODUCED IN THIS LITIGATION.**

18  (a)  The terms of this Order are applicable to information produced by a
19 Non-Party in this action and designated as CONFIDENTIAL or HIGHLY CONFIDENTIAL.
20 Such information produced by Non-Parties in connection with this litigation is protected by the
21 remedies and relief provided by this Order. Nothing in these provisions should be construed
22 as prohibiting a Non-Party from seeking additional protections.

23  (b)  In the event that a Party is required, by a valid discovery request, to
24 produce a Non-Party's confidential information in its possession, and the Party is subject to an
25 agreement with the Non-Party not to produce the Non-Party's confidential information, then
26 the Party shall:

     (1) promptly notify in writing the Requesting Party and the Non-Party that some or all of the information requested is subject to a confidentiality agreement with a Non-Party;

     (2) promptly provide the Non-Party with a copy of the Stipulated Protective Order in this litigation, the relevant discovery request(s), and a reasonably specific description of the information requested; and

     (3) make the information requested available for inspection by the Non-Party.

  (c) If the Non-Party fails to object or seek a protective order from this court within fourteen (14) days of receiving the notice and accompanying information, the Receiving Party may produce the Non-Party's confidential information responsive to the discovery request. If the Non-Party timely seeks a protective order, the Receiving Party shall not produce any information in its possession or control that is subject to the confidentiality agreement with the Non-Party before a determination by the court. Absent a Court order to the contrary, the Non-Party shall bear the burden and expense of seeking protection in this Court of its material.

**17. UNAUTHORIZED DISCLOSURE OF PROTECTED MATERIAL.** If a Receiving Party learns that, by inadvertence or otherwise, it has disclosed Confidential or Highly Confidential Information to any person or in any circumstance not authorized under this Stipulated Protective Order, the Receiving Party must immediately (a) notify in writing the Designating Party of the unauthorized disclosures; (b) use its best efforts to retrieve all unauthorized copies of the Protected Material; (c) inform the person or persons to whom unauthorized disclosures were made of all the terms of this Order; and (d) request such person or persons to execute the "Non-Disclosure Agreement" that is attached hereto as Exhibit A.

**18. INADVERTENT PRODUCTION OF PRIVILEGED OR OTHERWISE PROTECTED MATERIAL.** This provision is not intended to modify whatever procedure may be established in an e-discovery order that provides for production without prior privilege

1 review. No provision of this Protective Order shall be deemed to create an automatic waiver
2 as to inadvertently-produced disclosures or responses to discovery materials that are protected
3 from discovery on the basis of privilege or the work-product doctrine under Rule 26 of the
4 Federal Rules of Civil Procedure. The inadvertent production of such documents does not,
5 standing alone, waive any privilege or immunity with respect to such production or with
6 respect to other materials or information referred to in the materials produced, so long as a
7 request for the return or destruction of such documents or information is made in writing
8 within ten (10) Court days after the Designating Party learns of its inadvertent production.
9 Whether a waiver has occurred will be determined by reference to applicable state and federal
10 law, including Fed. R. Evid. 502(b). The Designating Party's written request shall specifically
11 identify the inadvertently produced documents or information and shall state the basis for the
12 claim of privilege or protection. Within two (2) Court days of such request, the Receiving
13 Party shall take reasonable efforts to return or destroy the inadvertently produced documents
14 identified and all copies thereof, and certify in writing that it has done so, except that the
15 Receiving Party shall be entitled to retain one (1) copy of the inadvertently produced document
16 for the sole purpose of challenging the claim of privilege. If the Receiving Party seeks to
17 challenge the claim of privilege, the parties shall meet and confer and attempt to resolve the
18 matter without Court intervention. If the dispute is not resolved by the parties, and unless
19 some other time period is agreed on by the parties, the Receiving Party may file a motion
20 challenging the privilege claim within ten (10) Court days of participating in a meet and confer
21 as described in the previous sentence. If the Receiving Party files a motion within the
22 prescribed time, the Receiving Party shall lodge one copy of the inadvertently produced
23 document, under seal, with the Court. Promptly after filing the motion, or if the Receiving
24 Party fails to file a motion within the prescribed time, the Receiving Party must return or
25 destroy the single copy of the inadvertently produced document that was retained for the sole
26 purpose of challenging the claim of privilege, and the Receiving Party shall certify in writing
27 that it has done so. Nothing in this Paragraph shall prejudice the right of any Party to seek
28

BLOOD HURST & O'REARDON, LLP

1  discovery of communications, documents and things as to which a claim of privilege has been
2  made.

3  **19.   FILING CONFIDENTIAL INFORMATION**.  The Parties acknowledge that
4  this Order creates no entitlement to file Confidential Information or Highly Confidential
5  Information under seal.  The Parties will comply with Civil L.R. 79-5, including the
6  commentary thereto, as well as General Order 62 when filing documents containing
7  Confidential Information or Highly Confidential Information.

8  **20.**   Nothing herein shall impose any restriction on the use or disclosure by a Party
9  of its own information or of information that lawfully came into the possession of the Party
10 independent of any disclosure of information in this Action.

11 **21.**   This Order shall be binding throughout and after final adjudication of this
12 Action, including, but not limited to, final adjudication of any appeals and petitions for
13 extraordinary writs.  Nothing in this Order shall be construed to contradict any provision of
14 law.

15 **22.   FINAL TERMINATION**.  Within sixty (60) days after the final termination of
16 the Action, including any and all appeals, counsel for each Party shall, upon request of the
17 Producing Party, return all Confidential Information (including Highly Confidential
18 Information) to the Party that produced the information, including any copies, excerpts and
19 summaries thereof, or shall destroy same at the option of the receiving Party, and shall purge
20 all such information from all machine-readable media on which it resides.  Notwithstanding
21 the foregoing, counsel for each Party may retain all pleadings, briefs, memoranda, discovery
22 responses, deposition transcripts, deposition exhibits, expert reports, motions, and other
23 documents filed with the Court that refer to or incorporate Confidential Information (including
24 Highly Confidential Information), and will continue to be bound by this Order with respect to
25 all such retained information.  Further, attorney work-product materials that contain
26 Confidential Information (including Highly Confidential Information) need not be destroyed,

but, if they are not destroyed, the person in possession of the attorney work-product will continue to be bound by this Order with respect to all such retained information.

**23.     MODIFYING THIS ORDER**.  Nothing in this Order shall be construed to prohibit the Parties from agreeing to modify any provision of this Order or seeking relief from the Court.  Nor shall anything in this Order or any Party's compliance herewith be construed as a waiver of any Party's rights under applicable law.

Dated: February 3, 2014

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)

By:      *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

701 B Street, Suite 1700
San Diego, California  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

GRANT & EISENHOFER P.A.
ADAM J. LEVITT (*pro hac vice*)
EDMUND S. ARONOWITZ*
30 North LaSalle Street, Suite 1200
Chicago, Illinois  60602
Tel: 312/214-0000
312/214-0001 (fax)
alevitt@gelaw.com
earonowitz@gelaw.com

SIPRUT PC
JOSEPH J. SIPRUT (*pro hac vice*)
17 N. State Street, Suite 1600
Chicago, Illinois  60602
Tel: 312/236-0000
312/948-9212 (fax)
jsiprut@siprut.com

CARPENTER LAW GROUP
TODD D. CARPENTER (234464)
402 West Broadway, 29th Floor
San Diego, California  021-1
Tel: 619/347-3517
619/756-6991 (fax)
todd@carpenterlawyers.com

*Attorneys for Plaintiff*

Dated: February 3, 2014

ARNOLD PORTER, LLP
ANGEL A. GARGANTA (163957)
RACHEL L. CHANIN (229253)


By:       *s/ Angel A. Garganta*
         ANGEL A. GARGANTA

Three Embarcadero Center, 10th Floor
San Francisco, CA  94111-4024
Tel: 415/471-3100
415/471-3400 (fax)
angel.garganta@aporter.com
rachel.chanin@aporter.com

ARNOLD PORTER, LLP
GUIDO E. TOSCANO (266304)
777 South Figueroa Street, 44th Floor
Los Angeles, CA  90017-5844
Tel: 213/243-4000
213/243-4199 (fax)
guido.toscano@aporter.com

*Attorneys for Defendant*

### ECF CERTIFICATION

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated:  February 3, 2014        BLOOD HURST & O'REARDON, LLP

By:       *s/ Timothy G. Blood*

**[PROPOSED] ORDER**

Having reviewed the above Stipulated Order Governing the Designation and Handling of Confidential Materials, IT IS HEREBY ORDERED that the Court finds that good cause exists for the entry of this Order.

**IT IS SO ORDERED.**

DATED: 2/5/14

*/s/ Richard Seeborg*

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE

# EXHIBIT A

## UNITED STATES DISTRICT COURT

### NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT D. MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant.<br><br>Defendant. | Case No.: 3:11-cv-02246-RS<br><br>CLASS ACTION<br><br>STIPULATION AND [PROPOSED] ORDER GOVERNING THE DESIGNATION AND HANDLING OF CONFIDENTIAL MATERIALS<br><br>**JURY TRIAL DEMANDED**<br><br>Judge:      Honorable Richard Seeborg<br>Courtroom:  Courtroom 3, 17th Floor<br>Complaint Filed:  03/21/13 |

**NON-DISCLOSURE AGREEMENT**

I, the undersigned, hereby declare that I have read the attached Stipulated Order Governing the Designation and Handling of Confidential Materials entered in the above-captioned Actions. I understand the terms of, will comply with, and agree to be bound by all of the provisions of the Stipulated Order Governing the Designation and Handling of Confidential Materials.

DATED: _____

Signature

Print Name

**CERTIFICATE OF SERVICE**

I hereby certify that on February 3, 2014, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List.

Executed on February 3, 2014.

                                                s/ *Timothy G. Blood*
                                                TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
701 B Street, Suite 1700
San Diego, CA  92101
Telephone:  619/338-1100
619/338-1101 (fax)
tblood@bholaw.com