United States District Court
For the Northern District of California

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

VINCENT D MULLINS,

        Plaintiff(s),

        v.

PREMIER NUTRITION CORP,

        Defendant(s).
_____/

No. C-13-01271-RS (DMR)

**ORDER RE: JOINT DISCOVERY LETTER [DOCKET NO. 49] AND MOTION TO SEAL [DOCKET NO. 48]**

    Before the court is a joint discovery letter filed by Plaintiff Vincent Mullins and Defendant Premier Nutrition Corporation f/k/a Joint Juice, Inc. [Docket No. 49.] In the letter, Defendant moves to compel Plaintiff to appear for his deposition in San Francisco. The court held a hearing on the letter on August 14, 2014. For the reasons stated below and at the hearing, Defendant's motion to compel is **granted**.

## I. BACKGROUND

**A. Factual Allegations**

    Plaintiff is a citizen of Illinois. Compl. [Docket No. 1] at ¶ 12. Defendant is a corporation organized and existing under Delaware law with its headquarters in San Francisco.

    Defendant markets, sells, and distributes Joint Juice, a line of joint health dietary supplements which Defendant claims will improve the health of joints and relieve joint pain. Compl. at ¶ 2. Plaintiff alleges that Defendant's products do not perform as advertised, and brings

this putative class action pursuant to Federal Rule of Civil Procedure 23 "to halt Defendant's dissemination of this false and misleading advertising message, correct the false and misleading perception it has created in the minds of consumers, and to obtain redress for those who have purchased Joint Juice." *Id.* at ¶¶ 6-7.

**B. Procedural History**

The deadline for the completion of non-expert discovery was June 13, 2014. *See* Docket No. 34. On June 16, 2014, pursuant to the parties' joint stipulation, the presiding judge imposed a two-week stay in the case while the parties attempted to reach a settlement. *See* Docket No. 45. The parties agreed not to file any motions or discovery letters during the two-week period, but stipulated that their "ability to file any motions or discovery letters, including to compel discovery, will not be prejudiced as a result of the two-week standstill." *Id.* The instant discovery letter was filed on July 10, 2014.[1]

## II. DISCUSSION

**A. Discovery Letter**

Plaintiff is the sole named plaintiff in this putative class action. Defendant moves the court to compel Plaintiff to appear for his deposition in San Francisco, which is in the judicial district in which Plaintiff chose to file this lawsuit. Plaintiff argues that his deposition should be taken in Chicago, the city in which he resides.

Generally, a plaintiff "will be required to make himself or herself available for examination in the district in which suit was brought." *Lexington Ins. Co. v. Commonwealth Ins. Co.*, No. 98-cv-3477-CRB (JCS), 1999 WL 33292943 at *9 (N.D. Cal. Sept. 17, 1999) (citing Wright & Miller, Federal Practice & Procedure, § 2112 at 75). "This rule appears to be based not only upon the fact that Plaintiffs choose the forum but also upon pragmatic considerations . . . . This not only permits predictability in prospective litigation, it also pragmatically permits the trial court to resolve

---

[1] Under Civil Local Rule 37-3, "no motions to compel fact discovery may be filed more than 7 days after the fact discovery is cut-off." Furthermore, "[d]iscovery requests that call for responses or depositions after the applicable discovery cut-off are not enforceable, except by order of the Court for good cause show." Civ. L.R. 37-3. Although this discovery letter was filed after the deadline under Civil Local Rule 37 for filing motions to compel, neither side objected to the dispute as untimely. Given the parties' stipulation to stay the case, the court finds good cause to consider this motion to compel.

disputes which may take place during the course of depositions without undue expenditure of time." *Id.* (citation omitted). "This general rule applies to class action suits." *Rolex Employees Ret. Trust v. Mentor Graphics Corp.*, No. CIV. 90-726-FR, 1990 WL 200092 at *1 (D. Or. Dec. 3, 1990). "To avoid the application of this rule, a plaintiff has the burden of proving that undue hardship or exceptional or compelling circumstances justify his refusal to travel to his chosen forum." *Id. See also Palma v. Safe Hurricane Shutters, Inc.*, No. 07-22913-CIV, 2009 WL 653305 at *4 (S.D. Fla. Mar. 12, 2009) ("Although ordinarily, a defendant is entitled to depose a plaintiff in the forum where the case is pending, [Fed. R. Civ. P. 26(c)(2) ] authorizes the Court to order that a plaintiff's deposition be taken in a different location, or by alternative means, if justice so requires.").

Plaintiff contends that his circumstances are such that travel to San Francisco for his deposition would create an undue hardship. Namely, Plaintiff states that due to a family-related issue, he needs to be present in Chicago at certain times, and that those times can be unpredictable. Thus, Plaintiff argues that the anticipated two days of travel to and from San Francisco for his deposition present the kind of hardship and compelling circumstances that justify an exception to the general rule.

Plaintiff's declaration is devoid of detail, and fails to provide basic information about Plaintiff's circumstances. The sparse record does not persuade the court that Plaintiff's personal circumstances hamper him in any significant way from traveling for two days to appear for his deposition in the forum in which he chose to file this class action. In light of the general rule that a plaintiff is required to make himself available for examination in the district in which he brought suit, Defendant's motion to compel Plaintiff to appear for his deposition in San Francisco is **granted**.

**B. Motion to Seal**

Defendant moves to seal portions of the discovery letter and an attached exhibit pursuant to Civil Local Rules 7-11 and 79-5. *See* Docket No. 48. Defendant seeks to file these portions under seal because they contain information that Plaintiff has designated as "Confidential" under the parties' protective order.

Pursuant to Civil Local Rule 79-5(e), a party must file under seal a document designated as confidential by the opposing party or a document containing information so designated by an opposing party. "Within 4 days of the filing of the Administrative Motion to File Under Seal, the Designating Party must file a declaration as required by subsection 79-5(d)(1)(A) establishing that all of the designated material is sealable." Civ. L.R. 79-5(e)(1).

Plaintiff has filed a declaration in response to Defendant's motion to seal indicating that the portions to be sealed "concern[] private and sensitive information regarding personal life issues of a party and non-party, including private medical information." O'Reardon Decl. [Docket No. 51] at ¶ 3. The court has reviewed these portions to be sealed, and finds that the information is as Plaintiff describes. Defendant's motion to seal is **granted**.

### IV.  CONCLUSION

For the foregoing reasons, the motion to compel is **granted**.

IT IS SO ORDERED.

Dated:  August 15, 2014



DONNA M. RYU
United States Magistrate Judge

4