**VENABLE LLP**
Angel A. Garganta (SBN 163957)
   aagarganta@venable.com
Jessica L. Grant (SBN 178138)
   jgrant@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:   (415) 653-3735
Facsimile:   (415) 653-3755

Daniel S. Blynn (*admitted pro hac vice*)
   dsblynn@venable.com
575 7th Street, NW
Washington, DC  20004
Telephone:   (202)344-4619
Facsimile:   (202)344-8300

Guido E. Toscano (SBN 266304)
   getoscano@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:   (310) 229-9900
Facsimile:   (310) 229-9901

**ARNOLD & PORTER LLP**
Trenton H. Norris (SBN 164781)
   trent.norris@aporter.com
Anton A. Ware (SBN 257848)
   anton.ware@aporter.com
Jonathan L. Koenig (SBN 281737)
   jonathan.koenig@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:   (415) 471-3100
Facsimile:   (415) 471-3400

Attorneys for Defendant
PREMIER NUTRITION CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT D. MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORP., f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. 3:13-cv-01271-RS<br><br>**DEFENDANT PREMIER NUTRITION CORP.'S NOTICE OF MOTION AND MOTION TO STRIKE ERRATA TO DEPOSITION OF DR. LYNN WILLIS**<br><br>Date:   January 7, 2016<br>Time   1:30 p.m.<br>Place   Courtroom 3 - 17th Floor<br>Judge:  Hon. Richard Seeborg |

[Filed concurrently with Declaration of Angel A. Garganta ISO Motion to Strike; [Proposed] Order Re Motion to Strike]

Action Filed: March 21, 2013
Trial Date:    None Set

VENABLE LLP
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

DEFENDANT PREMIER NUTRITION CORP.'S NOTICE OF MOTION AND MOTION TO STRIKE ERRATA TO DEPOSITION OF DR. LYNN WILLIS
Case No. 3:13-cv-01271-RS

**TO ALL PARTIES AND THEIR COUNSEL OF RECORD:**

PLEASE TAKE NOTICE that, on January 7, 2016, at 1:30 p.m., or as soon thereafter as the Court is available, in Courtroom 3 of the San Francisco Courthouse, 17th Floor, 450 Golden Gate Avenue, San Francisco, California 94102, Defendant Premier Nutrition Corp. ("Premier"), will and hereby does move the Court for an Order striking the errata to the deposition transcript of Dr. Lynn Willis.

Under Federal Rule of Civil Procedure 30(e), errata are allowed only to clarify the record or correct mistakes in a transcript, not to re-write or otherwise substantively alter testimony. Dr. Willis's purported "errata" seeks to rewrite harmful testimony and should be stricken for violating Rule 30(e).

Premier's Motion is based on this Notice of Motion, the accompanying Memorandum of Points and Authorities, the Declaration of Angel A. Garganta, the [Proposed] Order submitted herewith, and such other and further evidence and argument as may be submitted to the Court in connection with the Motion.

Dated: October 2, 2015      By:   */s/ Angel A. Garganta*
                                   Angel A. Garganta

VENABLE LLP
Angel A. Garganta
Jessica L. Grant
Daniel S. Blynn
Guido E. Toscano

ARNOLD & PORTER LLP
Trenton H. Norris
Anton A. Ware
Jonathan L. Koenig

Attorneys for Defendant
PREMIER NUTRITION CORP.

**VENABLE LLP**
2049 CENTURY PARK EAST, SUITE 2100
LOS ANGELES, CA 90067
310-229-9900

1
DEFENDANT PREMIER NUTRITION CORP.'S NOTICE OF MOTION AND
MOTION TO STRIKE ERRATA TO DEPOSITION OF DR. LYNN WILLIS
Case No. 3:13-cv-01271-RS

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

To win this lawsuit, Plaintiff must prove that Premier's advertising claims for "Joint Juice" – that glucosamine and chondroitin provide general joint health benefits – are false or misleading. In Premier's concurrently filed motion for summary judgment, Premier explains why no triable issue of fact exists because Plaintiff cannot prove that glucosamine and chondroitin do not provide any joint health benefits. At deposition, one of Plaintiff's scientific experts, Dr. Lynn Willis, made admissions that are fatal to Plaintiff's case because he could not identify a single study which supports the notion that glucosamine and chondroitin fail to provide any joint health benefits. Specifically, Dr. Willis testified that "it's not possible" for him to determine whether glucosamine and chondroitin fail to provide any joint health benefits because "no studies have been done" and "I have seen no studies in that vein at all." As explained in Premier's summary judgment motion, the testimony of Dr. Willis (and each of Plaintiff's two other scientific experts) confirm that Plaintiff has no scientific evidence demonstrating that glucosamine and chondroitin do not provide the advertised general joint health benefits.

In hopes of manufacturing a triable issue in advance of summary judgment, Plaintiff has submitted a purported "errata" from Dr. Willis that includes improper substantive changes designed to withdraw harmful testimony. The Ninth Circuit has held that this conduct violates Rule 30(e) of the Federal Rules of Civil Procedure. As explained below, Dr. Willis's purported "errata" should be stricken and not allowed to be used for any purpose.[1]

## II. STATEMENT OF ISSUES TO BE DECIDED

Pursuant to Northern District Local Rule 7-4(a)(3), the issue to be decided by the Court is whether Dr. Willis's errata should be stricken for being in violation of Rule 30(e), which prohibits rewriting or altering deposition testimony through the use of errata.

---

[1] By noting that Dr. Willis's purported errata appears designed to manufacture a triable issue of fact, Premier does not concede that his attempted change in testimony does in fact create any triable issue.

### III. BACKGROUND TO DR. WILLIS'S DEPOSITION AND "ERRATA"

Dr. Willis was deposed by Premier's counsel on July 10, 2015. Garganta Decl. ¶ 3. At the outset of his deposition, Premier's counsel advised Dr. Willis:

> Q  If at any time today I ask you a question and you don't understand it, which certainly might occur, just please let me know and I will do my very best to rephrase it, hopefully in a way that you do understand. If you answer one of my questions I will assume that you have understood it. Is that fair?
>
> A  Yes.

Garganta Decl., Ex. A (Willis Depo. 6:25-7:6).

On August 26, 2015, Plaintiff's counsel submitted to Premier's counsel an "errata" sheet containing substantive changes to Dr. Willis's sworn deposition testimony. *Id.* ¶ 4. The errata sheet purports to list, among other things, certain "clarifications" to the record. *See* Garganta Decl., Ex. B (Errata Sheet of Dr. Willis). These purported "clarifications" seek to either (1) withdraw certain admissions by Dr. Willis on the grounds that he "misunderstood the question" or (2) add caveats that qualify his admissions. *Id.*

In certain cases, the admissions Dr. Willis seeks to withdraw were his own voluntary statements, not made in response to any pending question. For example (the admissions Dr. Willis's errata purports to withdraw are italicized):

> Q  I want you to tell me where in your report you address whether Joint Juice provides benefits for overall joint health as opposed to osteoarthritis.
>
> A  In the absence of disease?
>
> Q  Correct
>
> A  Okay.  Well, this narrative begins in paragraph 15 . . .
>
> Q  Oh, no.  I'm looking for an opinion that you have that says that glucosamine and chondroitin do not provide any joint health benefits.  That's what I'm looking for.
>
> A  *I don't have that opinion.  I don't know that.*
>
> Q  Thank you.
>
> A  *It's not possible for me to determine that, because no studies have been done.*
>
> Q  And you haven't seen any studies that have concluded that glucosamine and chondroitin do not provide any joint health benefits?

2

DEFENDANT PREMIER NUTRITION CORP.'S NOTICE OF MOTION AND
MOTION TO STRIKE ERRATA TO DEPOSITION OF DR. LYNN WILLIS
Case No. 3:13-cv-01271-RS

       *A*    *I have seen no studies in that vein at all.*

Garganta Decl., Ex. A (Willis Depo. 89:4-25). Dr. Willis's errata purports to withdraw these admissions by stating, "I misunderstood the question. Please see my declaration [*i.e.*, expert report]." *Id.*, Ex. B (Willis Errata).

    Dr. Willis also attempts to qualify an admission that Joint Juice provides therapeutic benefits for some people (his additional testimony submitted through errata is italicized):

> Q    So, for instance you might have drugs that are on the market that might produce a clinical benefit or a therapeutic benefit in one population of patients but not another?
>
> A    For a variety of reasons.
>
> Q    So, for instance, people that took Joint Juice could have – experience benefits while another group of people might not?
>
> A    Correct*, as a result of the placebo effect*.

Garganta Decl., Ex. A (Willis Depo. 173:1-9) and Ex. B (Willis Errata).

    Elsewhere, Dr. Willis discussed the "LEGS" and "GAIT" studies – two leading glucosamine studies that found joint health benefits in certain populations – and agreed that glucosamine and chondroitin provide "marginal" benefits. *See* Garganta Decl., Ex. A (Willis Depo. 67:18-68:24). Dr. Willis's errata tries to qualify that testimony to "marginal *at best*":

> Q    So what the author of the 2014 LEGS study was saying is that glucosamine and chondroitin used in combination demonstrated the benefits noted in the LEGS study?
>
> [Objection omitted]
>
> A    They cite for this a paper by Aghazadeh-Habashi, which is an evaluation of a glucosamine controversy, a pharmacokinetic issue. And what that author concludes after evaluating the literature is that what's probably needed is a higher dose of glucosamine and chondroitin than you would find in – now – in these products, including the one that they would have used here. . . . They also cite . . . a review by Miller and Clegg, Clegg who wrote the – who did the GAIT study.
>
> Q    Yes.
>
> A    In that review, Miller and Clegg say, unequivocally, the effects of glucosamine and chondroitin in the treatment of osteoarthritis are marginal *at best*.
>
> Q    Okay. I understand that you believe that there are reports in the scientific literature that the benefits of glucosamine and chondroitin are marginal.

| | |
|---|---|
| 1 | A    And they're saying -- I agree with that. And they're saying it may need a higher dose. |

*Id.*; Garganta Decl., Ex. B (Willis Errata).

### IV.    THE PURPORTED "ERRATA" DO NOT COMPLY WITH RULE 30(E)

The Ninth Circuit has held that errata to a deposition transcript should be stricken under Rule 30(e) if the deponent fails to comply with Rule 30(e)'s substantive limitations. *See Hambleton Brothers Lumber Co. v. Balkin Enterprises*, 397 F.3d 1217 (9th Cir. 2005). Specifically, the Ninth Circuit allows errata only to correct mistakes in the transcript, not to alter testimony: "Rule 30(e) is to be used for corrective, and not contradictory, changes." *Id.* at 1226. Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the question with no thought at all and then return home and plan artful responses." *Tourgeman v. Collins Fin. Servs., Inc.*, No. 08-CV-1392 JLS NLS, 2010 WL 4817990, at *2 (S.D. Cal. Nov. 22, 2010) (quoting *Garcia v. Pueblo Country Club*, 299 F.3d 1233, 1242 n.5 (10th Cir. 2002)). A deposition is not a "take home exam." *Lewis v. CCPOA Benefit Trust Fund*, No. C-08-03228-VRW DMR, 2010 WL 3398521, at *3 (N.D. Cal. Aug. 27, 2010).

The changes that Plaintiff has proposed to Dr. Willis's testimony through purported errata are not "corrective" changes to clarify the record or to correct transcription errors. Instead, the proposed changes attempt to do what is prohibited by the Ninth Circuit – alter what was said under oath after the fact. Dr. Willis's purported errata is especially improper given that it seeks to undo admissions that are fatal to Plaintiff's claims. As Premier's summary judgment motion shows, Plaintiff's claims cannot survive because each of her scientific experts has acknowledged that it is impossible for Plaintiff to prove that Joint Juice does not provide any joint health benefits. For example, the testimony of Dr. Willis establishes (prior to the errata) the following points that are fatal to Plaintiff's claim: (1) "it's not possible" for Plaintiff to determine "that glucosamine and chondroitin do not provide any joint health benefits;" (2) it is "correct" that "people that took Joint Juice could have experienced benefits;" and (3) there is scientific literature that extends beyond general joint health and shows "effects of glucosamine and

4

DEFENDANT PREMIER NUTRITION CORP.'S NOTICE OF MOTION AND
MOTION TO STRIKE ERRATA TO DEPOSITION OF DR. LYNN WILLIS
Case No. 3:13-cv-01271-RS

chondroitin in the treatment of osteoarthritis." *See* Garganta Decl., Ex. A (Willis Depo. 67:18-68:24; 89:4-25; 173:1-9).

In *Hambleton*, the Ninth Circuit rejected an attempt to rewrite a deposition transcript by the use of errata. 397 F.3d at 1225. Likewise, the courts in *Lewis* and *Tourgeman* struck deposition errata that sought to alter testimony. *Lewis*, 2010 WL 3398521, at *3-4; *Tourgeman*, 2010 WL 4817990, at *3-4. Here, Plaintiff's purported changes to Dr. Willis's testimony are likewise improper and should also be stricken.

The most egregious example is Dr. Willis's admission that "[i]t's not possible for me to determine that [glucosamine and chondroitin do not provide any joint health benefits], because no studies have been done" and "I have seen no studies in that vein at all." *See* Garganta Decl., Ex. A (Willis Depo. 89:4-25). Dr. Willis seeks to erase that admission from the deposition record because he claims to have "misunderstood the question." Yet, these admissions were volunteered by him, without a question pending. *See id.* In any event, at the beginning of the deposition, Dr. Willis acknowledged that it would be proper to assume that he understood a question if he answered it. *Id.* (Willis Depo. 6:25-7:6).

Rule 30(e) does not permit a witness to use an errata to withdraw or rewrite testimony after the fact. The purported "errata" to Dr. Willis's testimony is a transparent attempt to create a triable issue of fact in advance of Premier's forthcoming summary judgment, which is the very concern expressed by the Ninth Circuit in *Hambleton*.

## V. THE PROPER REMEDY IS TO STRIKE THE "ERRATA"

Because Dr. Willis's purported "errata" is improper under well-settled Ninth Circuit authority, the Court should strike the errata. *See Hambleton*, 397 F.3d at 1226; *Tourgeman*, 2010 WL 4817990, at *3-4 (granting motion to strike errata); *see also Azco Biotech Inc. v. Qiagen, N.V.*, No. 12-CV-2599-BEN DHB, 2015 WL 350567, at *4-5 (S.D. Cal. Jan. 23, 2015) (granting motion to strike errata). Although some Circuits hold that the proper remedy is impeachment at trial, that view has been rejected in the Ninth Circuit. *Id.* As one court noted, the court "does not see why [the deponent] should suffer no penalty for its misuse of Rule 30(e)." *Id.* at *5.

1   Similarly, the Third Circuit, relying on decisions from other courts, including the Ninth

2   Circuit's decision in *Hambleton*, also rejected the idea that impeachment at trial is a sufficient

3   safeguard against misuse of errata:

> Where proposed changes squarely contradict earlier testimony materially bearing on the case, presenting the original testimony or reopening the deposition may often prove to be insufficient remedies. Moreover, requiring trial judges in all cases to permit contradictory alterations could risk the defeat of summary judgment in a large swath of cases for which a Rule 56 disposition otherwise would be appropriate. Preservation of the original testimony for impeachment at trial serves as cold comfort to the party that should have prevailed at summary judgment. And reopening the deposition before disposition might not be a sufficient remedy, for the deponent who has reviewed his original testimony and settled on an opposing answer may prove unimpeachable.

*EBC, Inc. v. Clark Building Systems*, 618 F.3d 253, 268 (3d Cir. 2010).

Consistent with this reasoning, the Court should reject Plaintiff's improper attempt to materially alter Dr. Willis's sworn testimony in hopes of manufacturing a triable issue of material fact where none exists. Permitting counsel's proposed changes to remain in the record, subject only to impeachment at trial, would unfairly allow Plaintiff's attorneys to rewrite Dr. Willis's sworn testimony after the fact. A deposition is not a take home exam and Rule 30(e) "cannot be interpreted to allow one to alter what was said under oath. If that were the case, one could merely answer the question with no thought at all and then return home and plan artful responses." *Tourgeman*, 2010 WL 4817990, at *2.

/ / /

## VI. CONCLUSION

The purported "errata" changes to Dr. Willis's sworn testimony are the type prohibited by the Ninth Circuit: substantive changes submitted after the fact to undo harmful testimony. Pursuant to Rule 30(e), the purported "errata" to Dr. Willis's testimony should be stricken.

Dated: October 2, 2015

By: */s/ Angel A. Garganta*
Angel A. Garganta

VENABLE LLP
Angel A. Garganta
Jessica L. Grant
Daniel S. Blynn
Guido E. Toscano

ARNOLD & PORTER LLP
Trenton H. Norris
Anton A. Ware
Jonathan L. Koenig

Attorneys for Defendant
PREMIER NUTRITION CORP.

**PROOF OF SERVICE**

I hereby certify that on October 2, 2015, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I declare under penalty of perjury that the foregoing is true and correct.

*/s/ Angel A. Garganta*
Angel A. Garganta