**VENABLE LLP**
Angel A. Garganta (SBN 163957)
  aagarganta@venable.com
Jessica L. Grant (SBN 178138)
  jgrant@venable.com
505 Montgomery Street, Suite 1400
San Francisco, CA 94111
Telephone:    (415) 653-3735
Facsimile:    (415) 653-3755

Daniel S. Blynn (*admitted pro hac vice*)
  dsblynn@venable.com
575 7th Street, NW
Washington, DC  20004
Telephone:    (202)344-4619
Facsimile:    (202)344-8300

Guido E. Toscano (SBN 266304)
  getoscano@venable.com
2049 Century Park East, Suite 2100
Los Angeles, CA  90067
Telephone:    (310) 229-9900
Facsimile:    (310) 229-9901

**ARNOLD & PORTER LLP**
Trenton H. Norris (SBN 164781)
  trent.norris@aporter.com
Anton A. Ware (SBN 257848)
  anton.ware@aporter.com
Jonathan L. Koenig (SBN 281737)
  jonathan.koenig@aporter.com
Three Embarcadero Center, 10th Floor
San Francisco, CA 94111
Telephone:    (415) 471-3100
Facsimile:    (415) 471-3400

Attorneys for Defendant
PREMIER NUTRITION CORP.

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT D. MULLINS, individually and on behalf of all others similarly situated,<br><br>          Plaintiff,<br><br>     v.<br><br>PREMIER NUTRITION CORP., f/k/a JOINT JUICE, INC.,<br><br>          Defendant. | Case No. 3:13-cv-01271-RS<br><br>**DEFENDANT PREMIER NUTRITION CORP.'S ADMINISTRATIVE MOTION TO FILE UNDER SEAL PORTIONS OF EXHIBIT TO MOTION FOR SUMMARY JUDGMENT**<br><br>Date:    January 7, 2016<br>Time    1:30 p.m.<br>Place   Courtroom 3 - 17th Floor<br>Judge:   Hon. Richard Seeborg |

**I.  INTRODUCTION**

Pursuant to Civil Local Rules 7-11 and 79-5, Defendant Premier Nutrition Corp. ("Premier"), submits this Administrative Motion to File Under Seal Portions of Exhibit to Motion for Summary Judgment.  Specifically, Premier seeks to file under seal the designated portions of the Declaration of Mark Keegan, dated December 15, 2014 ("Keegan Declaration") (Exhibit J to the Declaration of Jonathan L. Koenig filed in support of Premier's Motion for Summary Judgment).  This Administrative Motion is supported by the Declaration of Anton A. Ware, filed herewith.

The Keegan Declaration contains highly confidential, sensitive business information and market research that, if disclosed, would enable Premier's competitors to compete more effectively with Premier in the market for joint supplements.  Much of the information at issue in the Keegan Declaration involves Premier's efforts to develop and analyze market surveys to determine the course of its business, and strategies for its marketing and advertising-related activities.  These materials reflect Premier's prior and ongoing business strategy.  Premier's interest in maintaining the confidentiality of this information, and to ensure it is not obtained by other participants in the joint supplement market, overrides any public interest in disclosing it.

**II.  ARGUMENT**

   **A.  Legal Standard**

Documents submitted into the judicial record as part of a motion for summary judgment may be filed under seal where  "compelling reasons supported by specific factual findings . . . outweigh . . . the public policies favoring disclosure." *Pintos v. Pacific Creditors Ass'n*, 605 F.3d 665, 677-678 (9th Cir. 2010).  "One factor that weighs in favor of sealing documents is when the release of the documents will cause competitive harm to a business." *Apple Inc. v. Samsung Electronics Co., Ltd.*, 727 F.3d 1214, 1221 (Fed. Cir. 2013) (applying Ninth Circuit law); *see also Algarin v. Maybelline, LLC*, No. 12CV3000 AJB DHB, 2014 WL 690410, at *3 (S.D. Cal. Feb. 21, 2014) (sealing proper where "[p]ublic disclosure of [defendant's] confidential business material, marketing strategies, product development plans could result in improper use by business competitors seeking to replicate [defendant's] business practices and circumvent the time and resources necessary in developing their own practices and strategies.").

**B. Protection of Premier's Competitively Sensitive Information is a "Compelling Reason" that Outweighs the Public Policies Favoring Disclosure.**

The designated portions of the Keegan Declaration should be sealed because they contain highly confidential information, the release of which would cause Premier competitive harm. Specifically, the information at issue includes:

- Contents of Premier's Media Plan for Joint Juice, including strategies and specific planned marketing and advertising activities;
- Contents of Premier's Brand Guidelines for Joint Juice, including definitions of the target audience for Joint Juice and Joint Juice's brand message;
- Dollar amounts Premier invests in advertising and marketing for Joint Juice;
- Results of confidential market research studies commissioned by Joint Juice, which include, for example, information regarding the reasons contributing to consumers' purchases of Joint Juice and other glucosamine products, characteristics of those purchasers, and the sources of consumers' awareness of Joint Juice.

If publicly disclosed, this information would provide Premier's competitors with valuable insight into how to compete more effectively for Premier's customers.[1]  Competitors could use this information to replicate Premier's marketing strategies, or to design competing strategies based on the information gleaned from the results of Premier's market research studies.  In addition, it would have been extremely costly for a competitor to design, execute, compile, and analyze the internal market research commissioned by Premier and described in detail in the Keegan Declaration.  To allow access to this marketing and advertising information would provide a windfall to competitors and would be likely to result in substantial competitive harm to Premier.  Because public disclosure of the information contained in the Keegan Declaration would result in competitive harm to Premier, the Court should permit it to be filed under seal.

---

[1] To the extent the redacted information discusses Joint Juice marketing and advertising plans that were ultimately executed, although the public or competitors may have had the opportunity to observe individual advertisements, the compilation of details of years of Premier's cumulative marketing and advertising efforts is not readily available to the public.  Moreover, it would have required significant cost and effort for an outsider to record the details of Premier's advertisements while they were running, and now this information is attainable only through Premier's records.

Courts have established that information of the kind Premier has redacted, including business or marketing plans, is subject to sealing because its disclosure would likely result in competitive harm.  *See, e.g.*, *Algarin*, 2014 WL 690410, at *3 (granting motion to seal "a compilation of sales data, market research, consumer research, advertising data and marketing strategy prepared by [defendant] and its outside marketing consultant" due to risks of competitive harm from disclosure); *Herron v. Best Buy Stores, LP*, No. 2:12-CV-02103-GEB, 2015 WL 5330271, at *3 (E.D. Cal. Sept. 10, 2015) (granting motion to seal business information because public disclosure "could be detrimental to [defendant's] competitive interests").

"Where a party shows that its documents contain sources of business information that might harm its competitive standing, the need for public access to the records is lessened." *Algarin*, 2014 WL 690410, at *3; *see also Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 598 (1978) ("[T]he common-law right of inspection has bowed before the power of a court" including where necessary to insure court records do not serve as "sources of business information that might harm a litigant's competitive standing.").  Here, because the information at issue contains sensitive information that might harm Premier's competitive standing, the public's interest is lessened.  Moreover, the designated information contained in the Keegan Declaration is not central to the resolution of the Motion for Summary Judgment, and the public can fully understand the issues presented by Premier and before the Court without reference to the information.  In light of the compelling reasons against disclosure, and the low public interest in disclosure, the Court should grant this motion.

### C.  The Proposed Sealing is Narrowly Tailored.

Moreover, Premier only seeks to seal those portions of the record that contain highly confidential information that, if disclosed, would cause competitive harm to Premier.  In designating this information, Premier ensured that the proposed sealing is narrowly tailored to focus on the issues presented herein.  Other than the designated portions of the Keegan Declaration, Premier has not requested to seal any other information filed with its Motion for Summary Judgment.

**III.    CONCLUSION**

For the foregoing reasons, Premier respectfully requests that the Court grant the motion to seal the designated portions of the Keegan Declaration.

Dated:  October 2, 2015                                ARNOLD & PORTER LLP

By:  /s/ *Anton A. Ware*
**ARNOLD & PORTER LLP**
Trenton H. Norris
Anton A. Ware
Jonathan L. Koenig

**VENABLE LLP**
Angel A. Garganta
Jessica L. Grant
Daniel S. Blynn
Guido E. Toscano

Attorneys for Defendant PREMIER NUTRITION CORP

35343061v1