1  BLOOD HURST & O'REARDON, LLP
   TIMOTHY G. BLOOD (149343)
2  THOMAS J. O'REARDON II (247952)
   PAULA R. BROWN (254142)
3  501 West Broadway, Suite 1490
   San Diego, CA  92101
4  Tel: 619/338-1100
   619/338-1101 (fax)
5  tblood@bholaw.com
   toreardon@bholaw.com
6  pbrown@bholaw.com

7  Attorneys for Plaintiff and the Class

8  [Additional Counsel Appear on Signature Page]

9            UNITED STATES DISTRICT COURT

10   NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

11  VINCENT D. MULLINS, individually and      Case No. C-13-01271 RS
    on behalf of all others similarly situated,
12                                            PLAINTIFF'S OPPOSITION TO
              Plaintiff,                       DEFENDANT PREMIER NUTRITION
13                                            CORPORATION'S MOTION TO
         v.                                   DISMISS CLAIMS FOR EQUITABLE
14                                            RESTITUTION IN THE SECOND
    PREMIER NUTRITION CORPORATION             AMENDED CLASS ACTION
15  f/k/a JOINT JUICE, INC.,                  COMPLAINT

16            Defendant.                      CLASS ACTION

17                                            **JURY TRIAL DEMANDED**

18                                            Date:        December 21, 2017
                                             Time:        1:30 p.m.
19                                            Judge:       Honorable Richard Seeborg
                                             Courtroom:   Courtroom 3, 17th Floor
20
                                             Complaint Filed:  March 21, 2013
21                                            Trial Date:       September 18, 2017

22

23

24

25

26

27

28

1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP

**TABLE OF CONTENTS**

**Page**

I.     INTRODUCTION ........................................................................................ 1

II.    PREMIER'S MOTION IS IMPROPER ........................................................ 3

III.   PREMIER'S MOTION SHOULD BE DENIED........................................... 5

    A.     Traditional Equitable Requirements Can Be Eliminated by Statute ................... 5

    B.     The UCL and CLRA Permit Restitution Without Proof of an
         Inadequate Remedy at Law ................................................................. 8

         1.     Plaintiff Properly Seeks Restitution Under the UCL .............................. 9

         2.     Plaintiff Can Pursue Restitution Under the CLRA Without
             Proof that Damages Are an Inadequate Remedy .................................. 12

         3.     Premier's Authority Is Inapposite ....................................................... 14

    C.     If the Court Finds Plaintiff Cannot Pursue Only Restitution,
         Amendment Should Be Granted to Seek Damages Under the CLRA ............... 18

IV.    CONCLUSION........................................................................................ 18

00128803

PLTF'S OPPO TO MOTION TO DISMISS CLAIMS RE EQUITABLE RESTITUTION

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*Abbe v. City of San Diego*,
No. 05cv1629 DMS (JMA), 2007 U.S. Dist. LEXIS 87501
(S.D. Cal. Nov. 9, 2007) .................................................................................................3

*Allied Grape Growers v. Bronco Wine Co.*,
203 Cal. App. 3d 432 (1988)....................................................................................*passim*

*Antoninetti v. Chipotle Mexican Grill, Inc.*,
643 F.3d 1165 (9th Cir. 2010)..........................................................................................2, 7

*Berryman v. Merit Prop. Mgmt., Inc.*,
152 Cal. App. 4th 1544 (2007)...............................................................................2, 13, 14

*Bird v. First Alert, Inc.*,
No. C 14-3585 PJH, 2014 U.S. Dist. LEXIS 176390
(N.D. Cal. Dec. 19, 2014) .........................................................................................16, 17

*Brooks v. Harlon Rip Caswell*,
No. 3:14-cv-01232-AC, 2016 U.S. Dist. LEXIS 26832
(Or. D. Mar. 2, 2016) .......................................................................................................4

*Callaghan v. BMW of N. Am., LLC*,
No. 13-CV-4794-RS, 2014 U.S. Dist. LEXIS 46374
(N.D. Cal. Apr. 2, 2014).................................................................................................11

*Carpenters Sw. Admin. Corp. v. Archetype Interiors*,
No. CV 15-9694 FMO, 2016 U.S. Dist. LEXIS 66846
(C.D. Cal. May 20, 2016)..................................................................................................7

*CGL, LLC v. Schwab*,
No. 11-04593, 2012 U.S. Dist. LEXIS 135534
(E.D. Pa. Sept. 21, 2012)..................................................................................................4

*City of New York v. Golden Feather Smoke Shop, Inc.*,
597 F.3d 115 (2d Cir. 2010)..............................................................................................8

*Colgan v. Leatherman Tool Grp., Inc.*,
135 Cal. App. 4th 663 (2006)..........................................................................................13

*Collins v. eMachines, Inc.*,
202 Cal. App. 4th 249 (2011).................................................................................5, 13, 14

*Conn Nat'l Bank v. Germain*,
503 U.S. 249 (1992) ..........................................................................................................8

BLOOD HURST & O'REARDON, LLP

Case No. C-13-01271 RS

00128803

BLOOD HURST & O'REARDON, LLP

*Constr. Laborers Trust Fund for S. Cal. Admin. Co.*
*v. Play Smart Surfacing, Inc.*,
No. 13-00582-VAP, 2013 U.S. Dist. LEXIS 163762
(C.D. Cal. Nov. 12, 2013) ...................................................................................8

*Cortez v. Purolator Air Filtration Prods. Co.*,
23 Cal. 4th 163 (2000) ...............................................................................*passim*

*Desert European Motorcars, Ltd. v. Desert European Motors, Inc.*,
No. EDCV 11-197 RSWL (DTBx), 2011 U.S. Dist. LEXIS 96154
(C.D. Cal. Aug. 25, 2011) ...................................................................................3

*Durkee v. Ford Motor Co.*,
No. C 14-0617 PJH, 2014 U.S. Dist. LEXIS 122857
(N.D. Cal. Sept. 2, 2014)...................................................................................17

*Duttweiler v. Triumph Motorcycles (Am.) Ltd.*,
No. 14-cv-04809-HSG, 2015 U.S. Dist. LEXIS 109805
(N.D. Cal. Aug. 19, 2015)..................................................................................17

*eBay, Inc. v. Mercexchange, LLC*,
547 U.S. 388 (2006)..........................................................................2, 6, 7, 8

*Ennis-Brown Co. v. Cent. P.R. Co.*,
235 F. 825 (9th Cir. 1916)...................................................................................3

*Facebook, Inc. v. Fisher*,
No. C 09-05842 JF (PSG), 2011 U.S. Dist. LEXIS 9668
(N.D. Cal. Jan. 26, 2011) ...................................................................................7

*Flexible Lifeline Sys. v. Precision Lift, Inc.*,
654 F.3d 989 (9th Cir. 2011)...............................................................................8

*Fonesca v. Goya Foods, Inc.*,
No. 16-CV-02559-LHK, 2016 WL 4698942
(N.D. Cal. Sept. 8, 2016)...................................................................................17

*Gardner v. Safeco Ins.*,
No. 14-cv-02024-JCS, 2014 U.S. Dist. LEXIS 78379
(N.D. Cal. June 6, 2014) .............................................................................16, 17

*John R. Sand & Gravel v. United States*,
552 U.S. 130 (2008)............................................................................................3

*Keefe v. Derounian*,
6 F.R.D. 11 (N.D. Ill 1946) .................................................................................4

*Klein v. Chevron U.S.A, Inc.*,
202 Cal. App. 4th 1342 (2012)..........................................................................14

00128803

*Korea Supply Co. v. Lockheed Martin Corp.*,
  29 Cal. 4th 1134 (2003) ........................................................................... 3, 9

*Kraus v. Trinity Mgmt. Servs., Inc.*,
  23 Cal. 4th 116 (2000) .................................................................................. 9

*Li v. A Perfect Day Franchise, Inc.*,
  No. 5:10-CV-01189-LHK, 2011 U.S. Dist. LEXIS 79444
  (N.D. Cal. July 21, 2011) ......................................................................... 3, 11

*Loeffler v. Target Corp.*,
  58 Cal. 4th 1081 (2014) .............................................................................. 15

*Lopez v. Smith*,
  203 F.3d 1122 (9th Cir. 2000) ..................................................................... 18

*Macias v. Lange*,
  No. 14cv2763-GPC(JMA), 2017 U.S. Dist. LEXIS 86901
  (C.D. Cal. June 6, 2017) ................................................................................ 7

*In re Marriage of Van Hook*,
  147 Cal. App. 3d 970 (1983) .................................................................... 6, 14

*Milwaukie Constr. Co. v. Glens Falls Ins. Co.*,
  367 F.2d 964 (9th Cir. 1966) ......................................................................... 5

*Monarch Plumbing Co v. Ranger Ins. Co.*,
  No. CIV. S-06-1357 WBS KJM, 2006 U.S. Dist. LEXIS 68850
  (E.D. Cal. Sept. 23, 2006) ............................................................................. 9

*Morgan v. AT&T Wireless Servs. Inc.*,
  177 Cal. App. 4th 1253 (2009) .................................................................... 13

*Moss v. Infinity Ins. Co.*,
  197 F. Supp. 3d 1191 (N.D. Cal. 2016) ....................................................... 17

*Munning v. Gap, Inc.*,
  238 F. Supp. 3d 1195 (N.D. Cal. 2017) ....................................................... 17

*Nguyen v. Nissan N. Am., Inc.*,
  No. 16-CV-05591-LHK, 2017 U.S. Dist. LEXIS 55501
  (N.D. Cal. Apr. 11, 2017) ............................................................................ 17

*Orange Cty. Dep't of Educ. v. Cal. Dep't of Educ.*,
  668 F.3d 1052 (9th Cir. 2011) ....................................................................... 8

*People v. L.A. Palm, Inc.*,
  121 Cal. App. 3d 25 (1981) .......................................................................... 11

*Perez v. Alkanan, Inc.*,
  No. CV 13-09228 GAF, 2013 U.S. Dist. LEXIS 180909
  (C.D. Cal. Dec. 27, 2013) .............................................................................. 7

BLOOD HURST & O'REARDON, LLP

BLOOD HURST & O'REARDON, LLP

*Philips v. Ford Motor Corp.*,
   No. 14-CV-02989-LHK, 2015 U.S. Dist. LEXIS 88937
   (N.D. Cal. July 7, 2015) .................................................................................17, 18

*Prudential Home Mortg. Co. v. Super. Ct.*,
   66 Cal. App. 4th 1236 (1998).................................................................15, 16, 18

*Rhynes v. Stryker Corp.*,
   No. 10-5619 SC, 2011 U.S. Dist. LEXIS 58286
   (N.D. Cal. May 31, 2011) ..............................................................................16

*Robinson v. C.R. Bard, Inc.*,
   No. 16-cv-00942-JST, 2016 U.S. Dist. LEXIS 80019
   (N.D. Cal. June 17, 2016) ..............................................................................17

*Salas v. Sierra Chem. Co.*,
   59 Cal. 4th 407 (2014) ...........................................................................10, 17

*Salas v. Toyota Motor Sales, U.S.A., Inc.*,
   No. CV 15-8629 FMO (Ex), 2016 WL 7486600
   (C.D. Cal. Sept. 27, 2016).............................................................................17, 18

*Sanbrook v. Office Depot, Inc.*,
   No. C-07-05938 RMW, 2008 U.S. Dist. LEXIS 40322
   (N.D. Cal. May 5, 2008) ................................................................................13

*Schoenthal v. Irving Trust Co.*,
   287 U.S. 92 (1932)........................................................................................3

*Sears Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*,
   217 F.R.D. 305 (N.D.N.Y. 2003)....................................................................4

*Solis v. Timber Savers, Inc.*,
   No. 3:10-CV-547-BLW, 2010 U.S. Dist. LEXIS 128773
   (D. Idaho Dec. 3, 2010)................................................................................8

*In re Sony PS3 Other OS Litig.*,
   551 Fed. App'x 916 (9th Cir. 2014)...............................................................14

*State of California v. Altus Fin.*,
   36 Cal. 4th 1284 (2005) .........................................................................*passim*

*Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,
   17 Cal. 4th 553 (1998) .................................................................................11

*Tenn. Valley Auth. v. Hill*,
   437 U.S. 153 (1978)...............................................................................2, 6

*Trailer Train Co. v. State Bd. of Equalization*,
   697 F.2d 860 (9th Cir. 1983).....................................................................*passim*

00128803

*United States v. Elliot*,
No. SACV 13-1582-JLS, 2014 U.S. Dist. LEXIS 132943
(C.D. Cal. Sept. 3, 2014) .......................................................................................7

*United States v. Estate Pres. Servs.*,
202 F.3d 1093 (9th Cir. 2000)..............................................................................6

*United States v. Organic Pastures Dairy Co.*,
708 F. Supp. 2d 1005 (E.D. Cal. 2010).................................................................8

*United States v. White*,
893 F. Supp. 1423 (C.D. Cal. 1995) .....................................................................6

*UPS, Inv. v. Doremi Labs, Inc.*,
No. CV 15-7840 PA, 2016 U.S. Dist. LEXIS 187623
(C.D. Cal. Feb. 8, 2016) ....................................................................................9, 11

*Veera v. Banana Republic LLC*,
6 Cal. App. 5th 907 (2016)...................................................................................13

*Wenzel & Hencock Const. Co. v. Metro. Water Dist.*,
18 F. Supp. 616 (S.D. Cal. 1937) ..........................................................................3

*Winter v. Nat. Res. Defense Council*,
555 U.S. 7 (2008) ...............................................................................................6, 7

*XimpleWare Corp. v. Versata Software, Inc.*,
No. C 13-05160, 2013 U.S. Dist. LEXIS 172411
(N.D. Cal. Dec. 6, 2013) ........................................................................................8

**Statutes and Rules**

49 U.S.C. §11503 .........................................................................................................6

Cal. Bus. & Prof. Code
§17200.................................................................................................................*passim*
§17203.........................................................................................................................9
§17205.......................................................................................................................11

Cal. Civ. Code
§1750...................................................................................................................*passim*
§1752..................................................................................................................12, 13
§1760.........................................................................................................................12
§1780.........................................................................................................................12
§1781.........................................................................................................................12
§1782.........................................................................................................................12

Fed. R. Civ. P.
Rule 8(c) ....................................................................................................................3
Rule 12(b) ..............................................................................................................4, 5
Rule 15(a)(2) ...........................................................................................................18

BLOOD HURST & O'REARDON, LLP

00128803

Plaintiff Kathleen Sonner respectfully submits this memorandum in opposition to Defendant Premier Nutrition Corporation's ("Premier") Motion to Dismiss Claims for Equitable Restitution in the Second Amended Class Action Complaint ("Motion" or "Mot.").

## I.   INTRODUCTION

Premier wants the Court to believe that the Second Amended Complaint ("SAC") has created a sea change in the litigation that now requires Plaintiff to prove an inadequate remedy at law before she can obtain restitution. However, there is nothing new in the SAC. Since the start of the litigation and before ever seeking legal damages, Plaintiff sought restitution under California's Unfair Competition Law ("UCL") and California's Consumers Legal Remedies Act ("CLRA"). Both the UCL and the CLRA plainly permit Plaintiff to seek restitution and thus, it has always been appropriate relief regardless of what other relief may be available. Nothing in the SAC changes this. Premier's Motion should be denied.

First, Premier has waived any argument concerning adequate remedy at law. The existence of an adequate remedy at law is a defense that must be pled in its answer. Failure to plead such defenses constitutes waiver. Plaintiff has sought restitution under the UCL and the CLRA since the very beginning of this case. Plaintiff's initial Complaint and First Amended Complaint ("FAC") both sought restitution under the UCL and CLRA. *See* ECF No. 1 at ¶¶84, 89; ECF No. 63 at ¶¶82, 87. Yet, Premier has never argued that Plaintiff cannot seek restitution if there is an adequate remedy at law. Premier has not raised this defense in any answer, motion, or in any discovery response. Therefore, Premier has waived it. The filing of the SAC does not provide a new basis for Premier's Motion because the facts giving rise to Premier's "adequate remedy at law" defense have always existed. By not raising this defense in response to either of the prior complaints, Premier has waived it.

Second, Premier is wrong on the law. It remains black letter law that where a statute expressly provides for equitable relief, such as the UCL and CLRA, a court has equitable jurisdiction regardless of whether an adequate remedy at law exists. The UCL and CLRA expressly confer jurisdiction to courts to award restitution, which is cumulative to other remedies available to Plaintiff. Neither statute requires proof of an inadequate remedy at law to

BLOOD HURST & O'REARDON, LLP

pursue its relief. A handful of incorrectly decided district court opinions with no analysis does not change the rights afforded under these statutes in accordance with well-established appellate authority.

As the California Supreme Court held, even though damages also may be available under a separate statute, restitution is available under the UCL "to restore to any person in interest any money or property … acquired by means of any [unfair business] practice." *Cortez v. Purolator Air Filtration Prods. Co.*, 23 Cal. 4th 163, 177-78 (2000).[1] It is only when a separate statute provides for the exclusive remedy that restitution under the UCL is improper: "[T]he fact that there are alternative remedies under a specific statute does not preclude a UCL remedy, unless the statute itself provides that the remedy is to be exclusive." *State of California v. Altus Fin.*, 36 Cal. 4th 1284, 1303 (2005). Premier cites to no statute that provides an exclusive remedy for Premier's false advertising. Thus, restitution under the UCL is permitted regardless of what other relief is available.

Defendant's "adequate remedy at law" argument was expressly rejected decades ago in *Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d 432, 453-54 (1988), where the court found that equitable relief under the UCL is permitted even "where there is an adequate remedy at law." *Id.* Nor is proof of an inadequate remedy at law required under the CLRA. "Consumers in a CLRA class action may recover actual damages or a statutory minimum in addition to injunctive relief, restitution, attorney fees and any other relief." *Berryman v. Merit Prop. Mgmt., Inc.*, 152 Cal. App. 4th 1544, 1557 (2007).

The California appellate decisions are consistent with Ninth Circuit and U.S. Supreme Court case law that hold that where a statute provides for equitable relief, a plaintiff may recover that relief without showing an inadequate remedy at law. *See Tenn. Valley Auth. v. Hill*, 437 U.S. 153, 194-95 (1978); *eBay, Inc. v. Mercexchange, LLC*, 547 U.S. 388, 391 (2006); *Trailer Train Co. v. State Bd. of Equalization*, 697 F.2d 860, 869 (9th Cir. 1983); *Antoninetti v. Chipotle Mexican Grill, Inc,* 643 F.3d 1165, 1175-76 (9th Cir. 2010).

---

[1]     Citations omitted and emphasis is added unless otherwise noted.

BLOOD HURST & O'REARDON, LLP

00128803

1    Because Plaintiff seeks equitable restitution specifically authorized by the UCL and

2    CLRA, the Court has equitable jurisdiction to hear those claims regardless of what other

3    remedies may exist. Premier's Motion should be denied.

4    **II.    PREMIER'S MOTION IS IMPROPER**

5    The existence of an adequate remedy at law is a defense that must be raised in a pre-

6    answer motion or pled in the answer. *Li v. A Perfect Day Franchise, Inc.*, No. 5:10-CV-01189-

7    LHK, 2011 U.S. Dist. LEXIS 79444, at *14 (N.D. Cal. July 21, 2011); *Abbe v. City of San*

8    *Diego*, No. 05cv1629 DMS (JMA), 2007 U.S. Dist. LEXIS 87501, at *71 (S.D. Cal. Nov. 9,

9    2007); *Desert European Motorcars, Ltd. v. Desert European Motors, Inc.*, No. EDCV 11-197

10   RSWL (DTBx), 2011 U.S. Dist. LEXIS 96154, at *22-22 (C.D. Cal. Aug. 25, 2011); Fed. R.

11   Civ. P. 8(c) ("[A] party must affirmatively state any avoidance or affirmative defense…."").

12   Failure to assert the defense of an adequate remedy at law in an answer waives the defense.

13   *John R. Sand & Gravel v. United States*, 552 U.S. 130, 133 (2008); *Schoenthal v. Irving Trust*

14   *Co.*, 287 U.S. 92, 96-97 (1932) (adequate remedy at law defense not waived where alleged in

15   answer); *Ennis-Brown Co. v. Cent. P.R. Co.*, 235 F. 825, 832 (9th Cir. 1916) (It "is well settled

16   that, by thus answering in a case where it is competent for a court of equity to grant the relief

17   sought, the defendant waives the objection that the plaintiff has a plain and adequate remedy at

18   law.") (Gilbert, J., dissenting); *Wenzel & Hencock Const. Co. v. Metro. Water Dist.*, 18 F.

19   Supp. 616, 622 (S.D. Cal. 1937) ("Adequacy of the remedy at law being a matter of defense,

20   the defendant may waive it.").

21   Plaintiff has always sought restitution under the UCL and CLRA. *See* ECF No. 1 at

22   ¶¶84, 89; ECF No. 63 at ¶¶82, 87. For the UCL, Plaintiff never sought damages, as damages

23   are not permitted under the UCL. *Korea Supply Co. v. Lockheed Martin Corp.*, 29 Cal. 4th

24   1134, 1144 (2003). Therefore, Premier's current argument, that Plaintiff cannot seek

25   restitution under the UCL or CLRA because damages are available under the CLRA has

26   always been available to Premier. Yet, Premier never asserted this defense in its answer, by

27   motion, or raised it in any discovery response. In fact, when Plaintiff amended her FAC on

28   September 12, 2014, to allege damages for the first time under the CLRA, Premier stipulated

BLOOD HURST & O'REARDON, LLP

1   that its prior answer applied to the FAC, without filing a new answer. ECF No. 64. Premier did

2   not assert any new defenses regarding Plaintiff's ability to continue to seek restitution under

3   the UCL and CLRA. Instead, Premier continued to litigate the case for another two years

4   without raising the issue.

5          The only affirmative defense Premier asserted concerning the adequacy of a legal

6   remedy relates to injunctive relief. ECF No. 21 at 19. Premier's twenty fourth affirmative

7   defense states: "Injunctive relief is not appropriate for some or all of the allegations because, if

8   Plaintiff is entitled to a remedy, which Premier denies, money damages would be an adequate

9   remedy, and no threat of immediate harm exists sufficient to support a grant of injunctive

10  relief." *Id*. Premier now abandons this defense. Its Motion expressly "does not relate to

11  Plaintiff's prayer for prospective injunctive relief." Mot. at 2 n.3. Premier's failure to

12  previously allege that Plaintiff is prohibited from seeking restitution because damages are

13  available under the CLRA results in a waiver of the defense.

14         Premier cannot rely on the filing of the SAC to assert defenses it was obligated to

15  assert in its answer to the FAC. Rule 12(b) is clear that any defense must be made before filing

16  an answer. Fed. R. Civ. P. 12(b) ("A motion asserting any of these defenses must be made

17  before pleading if a responsive pleading is allowed."). "[A]lthough an amended complaint

18  ordinarily supersedes the original pleading, it does not automatically revive defenses and

19  objections a defendant has waived in response to the original complaint." *Brooks v. Harlon*

20  *Rip Caswell*, No. 3:14-cv-01232-AC, 2016 U.S. Dist. LEXIS 26832, at *6 (Or. D. Mar. 2,

21  2016). After a defendant has answered, it may only move on new allegations in an amended

22  complaint not contained in the original complaint. *Id*.; *CGL, LLC v. Schwab*, No. 11-04593,

23  2012 U.S. Dist. LEXIS 135534, at *10 (E.D. Pa. Sept. 21, 2012) (refusing to "address the

24  arguments that were previously available to the Defendant but were not raised"); *Sears*

25  *Petroleum & Transp. Corp. v. Ice Ban Am., Inc.*, 217 F.R.D. 305, 307 (N.D.N.Y. 2003); *Keefe*

26  *v. Derounian*, 6 F.R.D. 11, 13 (N.D. Ill 1946).

27

28

BLOOD HURST & O'REARDON, LLP

4

Case No. C-13-01271 RS

PLTF'S OPPO TO MOTION TO DISMISS CLAIMS RE EQUITABLE RESTITUTION

Permitting Premier's post-answer Motion to allegations that have always been in the complaint would render Rule 12(b)'s restriction on post-answer motions meaningless. Accordingly, its Motion should be denied on this basis alone.

Premier's attempt to frame the issue as one of "standing" is unavailing. Mot. at 11-12. The same facts that give rise to Premier's current Motion were alleged in Plaintiff's initial Complaint and FAC. Premier did not move to dismiss either on "standing" grounds or assert such a defense in its answer to the FAC. Accordingly, Premier is precluded from doing so now.

## III.    PREMIER'S MOTION SHOULD BE DENIED

Even on the merits, Premier's Motion should be denied. Premier argues that because the CLRA provides for damages, Plaintiff cannot seek restitution under the UCL and CLRA. Mot. at 4-8. Premier misunderstands the purpose of an "adequate remedy at law" and its application to the UCL and CLRA claims alleged here.

Plaintiff alleges violations of the UCL and CLRA and seeks equitable restitution expressly provided by those statutes. The UCL does not provide for legal remedies. Forcing Plaintiff to seek actual damages under the CLRA in lieu of restitution expressly provided by both the UCL and CLRA is contrary to the express language of the statutes and the intent of the California Legislature. The Legislature plainly conferred equitable jurisdiction on courts to award this relief. Both the California and U.S. supreme courts have rejected Premier's arguments.

### A.    Traditional Equitable Requirements Can Be Eliminated by Statute

Under ordinary common law equity principles, the lack of an adequate remedy at law is required to provide a court with equitable jurisdiction. *See Milwaukie Constr. Co. v. Glens Falls Ins. Co.*, 367 F.2d 964, 965-66 (9th Cir. 1966). Therefore, for common law claims that seek restitution, such as unjust enrichment, "general principle[s] of equity" provide "that equitable relief (such as restitution) will not be given when the plaintiff's legal remedies at law are adequate." *Collins v. eMachines, Inc.*, 202 Cal. App. 4th 249, 260 (2011). However, the legislature can change or eliminate traditional common law equitable requirements by statute.

BLOOD HURST & O'REARDON, LLP

*Tenn. Valley*, 437 U.S. at 194-95 (holding that the district court erred by using common law equitable principles when statute required otherwise); *eBay*, 547 U.S. at 391.

For example, in *Trailer Train*, plaintiff alleged the California Board of Equalization ("Board") improperly levied taxes on its railroad cars in violation of 49 U.S.C. §11503. 697 F.2d at 863-64. On appeal, the Board argued that the district court erred in granting a preliminary injunction to prohibit the collection of taxes without first requiring plaintiff establish "the standard equitable prerequisites for such relief." *Id*. at 868-69. The Ninth Circuit disagreed, finding that "standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *Id*. at 869. The *Trailer Train* court concluded that Section 11503 "clearly falls within this exception" because it "specifically authorizes a district court to grant injunctive relief to prevent a violation of the statute." *Id*.; *id*. at 869 n.16 ("Section 11503(c) states that 'a district court of the United States has jurisdiction … to prevent a violation' of the substantive provisions of the statute.") (quoting 49 U.S.C. §11503); *see also United States v. Estate Pres. Servs.*, 202 F.3d 1093, 1098 (9th Cir. 2000) ("The traditional requirements for equitable relief need not be satisfied since [the statute] expressly authorizes the issuance of an injunction.").

The principle from *Trailer Train* that equitable principles can be superseded by statute applies to all equitable principles including proof of an inadequate remedy at law. *See United States v. White*, 893 F. Supp. 1423, 1430 (C.D. Cal. 1995) (citing *Trailer Train* and holding that "[w]here a statute expressly provides for injunctive relief, … the party need not establish irreparable injury or inadequate legal remedies"); *see also In re Marriage of Van Hook*, 147 Cal. App. 3d 970, 985 (1983) (holding that "inadequacy of a remedy at law need not be shown to obtain injunctive relief authorized by statute") (emphasis omitted).

Premier argues that *Trailer Train* is no longer good law after the Supreme Court's decisions in *eBay* and *Winter v. Nat. Res. Defense Council*, 555 U.S. 7, 22 (2008). Mot. at 13. Premier is wrong.

BLOOD HURST & O'REARDON, LLP

*eBay* and *Winter* simply hold that a court must look at the applicable statute to determine whether equitable relief is specifically intended without proof of traditional equitable principles. In *eBay*, the Court recognized that a departure from traditional equitable principles may be appropriate under some statutes. 547 U.S. at 391. However, the *eBay* Court held that under the Patent Act, at issue there, ordinary common law equitable principles must be followed with respect to injunctive relief because "[n]othing in the Patent Act indicates that Congress intended such a departure." *Id*. at 391-92. The Court found that "[t]o the contrary, the Patent Act expressly provides that injunctions 'may' issue 'in accordance with the principles of equity.'" 547 U.S. at 391-92. In *Winter*, the Court held that to obtain a preliminary injunction for violation of the National Environmental Policy Act ("NEPA"), plaintiff needed to demonstrate "a likelihood of irreparable injury" and "not just a possibility." 555 U.S. at 21. Plaintiff here does not seek relief under the Patent Act or NEPA.

Given the limited application of *eBay* and *Winter*, courts, including the Ninth Circuit, continue to apply *Trailer Train* to find that common law equitable requirements may be eliminated by statute. *See Antoninetti*, 643 F.3d at 1175-76 ("[T]he standard requirements for equitable relief need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief."); *Macias v. Lange*, No. 14cv2763-GPC(JMA), 2017 U.S. Dist. LEXIS 86901, at *23 (C.D. Cal. June 6, 2017) (holding that "where a federal statute provides for injunctive relief to prevent a violation of the statute, the standard requirements for equitable relief need not be satisfied"); *Carpenters Sw. Admin. Corp. v. Archetype Interiors*, No. CV 15-9694 FMO (RAOx), 2016 U.S. Dist. LEXIS 66846, at *10 (C.D. Cal. May 20, 2016) (relying on *Trailer Train*); *United States v. Elliot*, No. SACV 13-1582-JLS (JPRx), 2014 U.S. Dist. LEXIS 132943, at *23 (C.D. Cal. Sept. 3, 2014) (relying on *Trailer Train*); *Perez v. Alkanan, Inc.*, No. CV 13-09228 GAF (JEMx), 2013 U.S. Dist. LEXIS 180909, at *3-4 (C.D. Cal. Dec. 27, 2013) ("a moving party need not satisfy the standard requirements for equitable relief when an injunction is sought to prevent the violation of a federal statute, and the statute specifically provides for injunctive relief"); *Facebook, Inc. v. Fisher*, No. C 09-05842 JF (PSG), 2011 U.S. Dist. LEXIS 9668, at *7-8 (N.D. Cal. Jan. 26,

BLOOD HURST & O'REARDON, LLP

2011) (issuing injunction because the statute "specifically authorizes the Court to grant a permanent injunction"); *Constr. Laborers Trust Fund for S. Cal. Admin. Co. v. Play Smart Surfacing, Inc.*, No. 13-00582-VAP (DTBx), 2013 U.S. Dist. LEXIS 163762, at *16 (C.D. Cal. Nov. 12, 2013) (quoting *Trailer Train* and holding that "[t]hese requirements … need not be satisfied when an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief"); *United States v. Organic Pastures Dairy Co.*, 708 F. Supp. 2d 1005, 1011-12 (E.D. Cal. 2010) (finding that plaintiff is entitled to equitable relief where elements of the statute were satisfied); *Solis v. Timber Savers, Inc.*, No. 3:10-CV-547-BLW, 2010 U.S. Dist. LEXIS 128773, at *4-7 (D. Idaho Dec. 3, 2010) (where statute expressly permitted injunction, traditional equitable principles need not be met); *City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115, 120-21 (2d Cir. 2010) (applying rule that equitable principles are not required where statute specifically authorized equitable relief).

*Flexible Lifeline Sys. v. Precision Lift, Inc.*, 654 F.3d 989 (9th Cir. 2011) and *XimpleWare Corp. v. Versata Software, Inc.*, No. C 13-05160, 2013 U.S. Dist. LEXIS 172411, at *3 (N.D. Cal. Dec. 6, 2013), relied on by Premier (Mot. at 13), are copyright infringement cases. Therefore, the *eBay* decision concerning infringement statutes applied and thus, required satisfaction of equitable principles. *See Flexible*, 654 F.3d at 995 (citing *eBay*).

As demonstrated below, the California Legislature expressly intended that a plaintiff be able to obtain equitable relief, including restitution, for violations of the UCL and CLRA, regardless of what other relief may be available, including legal remedies. Thus, proof of an inadequate remedy at law is not required to obtain restitution under the UCL or CLRA.

**B.     The UCL and CLRA Permit Restitution Without Proof of an Inadequate Remedy at Law**

"Under California law, a question of statutory interpretation begins 'with the statute's plain language, as the words the Legislature chose to enact are the most reliable indicator of its intent.'" *Orange Cty. Dep't of Educ. v. Cal. Dep't of Educ.*, 668 F.3d 1052, 1055 n.3 (9th Cir. 2011). "[C]ourts must presume that a legislature says in a statute what it means and means in a statute what it says …." *Conn Nat'l Bank v. Germain*, 503 U.S. 249, 253-54 (1992).

BLOOD HURST & O'REARDON, LLP

The UCL and CLRA expressly provide a statutory right to restitution regardless of what other remedies may or may not be available. Because Plaintiff states violations of the UCL and CLRA, Plaintiff is permitted to seek any relief expressly provided by those statutes.

### 1. Plaintiff Properly Seeks Restitution Under the UCL

The UCL expressly confers equitable jurisdiction to "make such orders or judgments … as may be necessary to prevent the use or employment by any person … which constitutes unfair competition … or as may be necessary to restore to any person in interest any money or property, real or personal, which may have been acquired by means of such unfair competition." Cal. Bus. & Prof. Code §17203. Thus, "[t]hrough the UCL a plaintiff may obtain restitution and/or injunctive relief against unfair or unlawful practices in order to protect the public and restore to the parties in interest money or property taken by means of unfair competition." *Kraus v. Trinity Mgmt. Servs., Inc.*, 23 Cal. 4th 116, 126 (2000).

The Legislature intentionally permitted restitution instead of damages to further the UCL's "overarching legislative concern to provide a *streamlined* procedure for the prevention of ongoing or threatened acts of unfair competition." *Cortez*, 23 Cal. 4th at 173-74 (emphasis in original). Thus, the UCL "provides an equitable means through which both public prosecutors and private plaintiffs can bring suit to prevent unfair business practices and restore money or property to victims of these practices." *Korea Supply*, 29 Cal. 4th at 1150. Nowhere in the UCL does it require a plaintiff first prove that there is an inadequate remedy at law to obtain restitution. *See* Cal. Bus. & Prof. Code §17203; *see also Monarch Plumbing Co v. Ranger Ins. Co.*, No. CIV. S-06-1357 WBS KJM, 2006 U.S. Dist. LEXIS 68850, at *20 n.10 (E.D. Cal. Sept. 23, 2006) (rejecting argument that lack of adequate remedy at law is required to prove UCL claim where the statute does not require such proof); *UPS, Inv. v. Doremi Labs, Inc.*, No. CV 15-7840 PA (PLAx), 2016 U.S. Dist. LEXIS 187623, at *12 (C.D. Cal. Feb. 8, 2016) (plaintiff may seek relief for violation of UCL without proof of adequate remedy at law).

Given the UCL's express language, California courts hold that proof of an inadequate remedy at law is not required to obtain relief under the UCL. *See Allied Grape*, 203 Cal. App.

9

Case No. C-13-01271 RS

PLTF'S OPPO TO MOTION TO DISMISS CLAIMS RE EQUITABLE RESTITUTION

3d at 453-54 (rejecting contention that equitable relief under the UCL is prohibited "where there is an adequate remedy at law"). In *Allied Grape*, defendants argued that the trial court improperly granted injunctive relief under the UCL where there was an adequate remedy at law. *Id*. at 453. The *Allied Grape* court disagreed, holding: "[The UCL] specifically permits a court to both enjoin unfair competition and to restore any lost moneys or properties resulting from the unfair competition as well. The court's authority to make orders and judgments is very broad." *Id*. Accordingly, because defendant violated the UCL, relief expressly provided under the UCL was permitted without proof of an inadequate remedy at law.

The California Supreme Court subsequently affirmed this holding, finding in *Cortez* that "equitable defenses may not be asserted to wholly defeat a UCL claim since such claims arise out of unlawful conduct." 23 Cal. 4th at 179. That is because a UCL claim is one "based on public policy expressed by the Legislature in a statute." *Salas v. Sierra Chem. Co.*, 59 Cal. 4th 407, 432 (2014). Accordingly, because the California Legislature expressly provided for restitution under the UCL, when the UCL is violated, its express relief may be provided.

This is true even where legal remedies exist under other statues. In *Cortez*, the defendant argued that unpaid wages were damages and thus, could not be awarded as restitution under the UCL. 23 Cal. 4th at 171. The California Supreme Court disagreed, finding that while a plaintiff may have a right to unpaid wages as damages under a different statute, unpaid wages are also recoverable as restitution under the UCL "to restore to a person in interest money or property acquired by means of an unfair business practice." *Id*. at 175-78. The *Cortez* court further explained that "[a] UCL action is independent of a statutory claim for back wages" and "UCL remedies are cumulative to remedies available under other laws and … have an independent purpose—deterrence and restitution for unfair business practices." *Id*. at 179. Accordingly, the court concluded that regardless of whether damages are recoverable under other statutes, they are recoverable as restitution under the UCL.

Indeed, the UCL expressly provides that injunctive relief and restitution under the UCL are cumulative to each other and other remedies provided by independent causes of action: "Unless otherwise expressly provided, the remedies or penalties provided by this chapter are

BLOOD HURST & O'REARDON, LLP

1  cumulative to each other and to the remedies or penalties available under all other laws of this

2  state." Cal. Bus. & Prof. Code §17205. Consistent with U.S. Supreme Court authority, this

3  means that "the fact that there are alternative remedies under a specific statute does not

4  preclude a UCL remedy, unless the statute itself provides that the remedy is to be exclusive."

5  *Altus Fin.*, 36 Cal. 4th at 1303; *see also Stop Youth Addiction, Inc. v. Lucky Stores, Inc.*,

6  17 Cal. 4th 553, 565-66, 573 (1998) (finding "remedies or penalties provided by the UCL are

7  cumulative to the remedies or penalties available under [other] statutes"). Accordingly, a

8  plaintiff can seek restitution and injunctive relief under the UCL regardless of what other relief

9  may be available, including legal remedies. *Cortez*, 23 Cal. 4th at 175-77; *see also People v.*

10  *L.A. Palm, Inc.*, 121 Cal. App. 3d 25, 33 (1981) (permitting UCL claim for injunctive relief

11  and restitution as "cumulative" to other remedies provided by other laws).

12  In *Callaghan v. BMW of N. Am., LLC*, No. 13-CV-4794-RS, 2014 U.S. Dist. LEXIS

13  46374, at *18 (N.D. Cal. Apr. 2, 2014), citing the cumulative remedies section of the UCL,

14  this Court correctly found that "[t]he UCL provides a right to statutory [equitable] relief"

15  without proof that plaintiff lacks an adequate remedy at law. *See also Li*, 2011 U.S. Dist.

16  LEXIS 79444, at *14-15 (rejecting as an affirmative defense that plaintiff's UCL claim was

17  barred because of an adequate remedy at law and holding that "[e]quitable relief is not barred

18  automatically simply because [p]laintiffs are otherwise granted legal relief"); *UPS*, 2016 U.S.

19  Dist. LEXIS 187623, at *12 (finding plaintiffs alleged "an appropriate remedy" expressly

20  provided by the UCL without alleging an inadequate remedy at law).

21  Premier argues that *Callaghan* is misplaced because, according to Premier, the issue

22  here is "not whether the UCL provides a *complementary* remedy, but rather whether Plaintiff

23  has the right to pursue equitable restitution as a *sole* remedy for her alleged financial harm."

24  Mot. at 10 (emphasis in original). Premier is misguided.

25  The "sole" remedy available under the UCL for financial harm is equitable restitution.

26  Plaintiff cannot seek damages under the UCL. The only way for restitution under the UCL to

27  be improper is for the Court to find that it is not available because a legal remedy is the sole

28  remedy available under a different cause of action. Although Premier does not bother to say,

BLOOD HURST & O'REARDON, LLP

11

Case No. C-13-01271 RS

PLTF'S OPPO TO MOTION TO DISMISS CLAIMS RE EQUITABLE RESTITUTION

1   presumably that different cause of action in this case would be the CLRA. However, the

2   California Supreme Court could not be clearer in answering this question: "the fact that there

3   are alternative remedies under a specific statute does not preclude a UCL remedy, unless the

4   statute itself provides that the remedy is to be exclusive." *Altus Fin.*, 36 Cal. 4th at 1303. The

5   CLRA's remedies are not exclusive. Cal. Civ. Code §1752 ("The provisions of this title are not

6   exclusive."). Therefore, Plaintiff can pursue a claim for restitution under the UCL regardless of

7   what other relief may be available, including legal relief under the CLRA.

### 2.   Plaintiff Can Pursue Restitution Under the CLRA Without Proof that Damages Are an Inadequate Remedy

10   The CLRA also expressly confers equitable jurisdiction without proof of an inadequate

11   legal remedy. The CLRA "shall be liberally construed and applied to promote its underlying

12   purposes, which are to protect consumers against unfair and deceptive practices and to provide

13   efficient and economical procedures to secure such protection." Cal. Civ. Code §1760.

14   To this end, the CLRA expressly provides that a consumer "may bring an action … to

15   recover or obtain ***any*** of the following: (1) Actual damages, but in no case shall the total award

16   of damages in a class action be less than one thousand dollars ($1,000). (2) An order enjoining

17   the methods, acts, or practices. (3) Restitution of property. (4) Punitive damages. [or] (5) Any

18   other relief that the court deems proper." Cal. Civ. Code §1780(a). The express language of the

19   CLRA allowing a plaintiff to "obtain any of the following" forms of relief is designed to allow

20   a plaintiff to decide which mix of remedies to pursue and does not condition one remedy on

21   any other available remedy.

22   Nothing in the CLRA requires a plaintiff first seek damages or demonstrate that they

23   are inadequate before pursuing restitution under the statute. To the contrary, the CLRA

24   expressly contemplates an action for both legal and equitable relief. Section 1781 permits a

25   consumer to "bring an action on behalf of himself and such other consumers to recover

26   damages ***or*** obtain other relief as provided for in Section 1780." Cal. Civ. Code §1781(a).

27   Similarly, Section 1782(d) provides that 30 days after an action for injunctive relief is brought

28   "the consumer may amend his or her complaint without leave of court to include a request for

BLOOD HURST & O'REARDON, LLP

damages." That is, a plaintiff **may** amend to seek damages in addition to the restitution and other relief already sought, but does not have to. The Legislature specifically contemplated an action for violations of the CLRA that seeks both equitable and legal relief, without proof that there is an inadequate remedy at law.

Additionally, like the UCL, the remedies provided by the CLRA are cumulative and "shall be in addition to any other procedures or remedies for any violation or conduct provided for in any other law." Cal. Civ. Code §1752. The CLRA expressly reserves a plaintiff's ability to seek CLRA relief in addition to any other "statutory cause of action under the procedures and with the remedies provided for in such law." *Id.*; *see also Sanbrook v. Office Depot, Inc.*, No. C-07-05938 RMW, 2008 U.S. Dist. LEXIS 40322, at *4-7 (N.D. Cal. May 5, 2008) (finding that under §1752, the CLRA is not the "exclusive mechanism for pursuing the remedies" for false advertising and declining to dismiss other claims); *Morgan v. AT&T Wireless Servs. Inc.*, 177 Cal. App. 4th 1253 n.10 (2009) (holding that defendant's argument that UCL claims should be dismissed because CLRA provided "exclusive remedy" for consumer fraud claims "lack[] merit, inasmuch as the CLRA expressly provides that it does not preclude claims or remedies under other statutes") (emphasis omitted). Thus, the CLRA provides equitable relief that is complimentary to other forms of relief, including remedies at law.

California courts expressly state that a plaintiff can simultaneously pursue restitution under the UCL or CLRA, and damages under the CLRA. "Consumers in a CLRA class action may recover actual damages or a statutory minimum in addition to injunctive relief, restitution, attorney fees and any other relief." *Berryman*, 152 Cal. App. 4th at 1557; *see also Colgan v. Leatherman Tool Grp., Inc.*, 135 Cal. App. 4th 663, 694 n.22, 665-96 (2006) (holding restitution under the UCL and CLRA to be awarded simultaneously with damages under the CLRA); *Collins*, 202 Cal. App. 4th at 258 (UCL and CLRA claims can proceed at the same time); *Veera v. Banana Republic LLC*, 6 Cal. App. 5th 907, 914-15 (2016) (recognizing that "the remedies under the CLRA include not only injunctive relief and restitution, but also actual

BLOOD HURST & O'REARDON, LLP

damages and punitive damages" and permitting CLRA claim and UCL claims to proceed together).

In fact, a violation of the CLRA can proceed as a separate claim, while also forming an independent basis for a UCL claim. *See Klein v. Chevron U.S.A, Inc.*, 202 Cal. App. 4th 1342, 1383-84 (2012). If proof of an inadequate remedy were required, a UCL claim could never exist alongside a CLRA claim much less be predicated on a CLRA claim.

The UCL and CLRA are the statutes that provide primary relief to Plaintiff for her false advertising claims and the equitable relief sought is the relief expressly permitted by these statutes without proof of an adequate remedy at law. Because Plaintiff seeks statutory equitable relief under the UCL and CLRA, the Court has equitable jurisdiction absent any requirement that there is a lack of an adequate remedy at law. *See Trailer Train*, 697 F.2d at 869; *In re Marriage of Van Hook*, 147 Cal. App. 3d at 985; *Altus Fin.*, 36 Cal. 4th at 1303; *Allied Grape*, 203 Cal. App. 3d at 453-54; *Berryman*, 152 Cal. App. 4th at 1557.

### 3.      Premier's Authority Is Inapposite

Premier fails to cite a single California appellate case (or, a federal appellate case for that matter) holding that proof of an adequate remedy at law is required to seek restitution under either the UCL or CLRA. *See* Mot. at 8. The two California cases cited by Premier support Plaintiff.

In *Collins*, the plaintiffs brought claims for violations of the UCL, CLRA, and false advertising law, and for common law fraudulent concealment and unjust enrichment. 202 Cal. App. 4th at 255. Plaintiffs sought "out-of-pocket damages" for each of these claims. *Id.* at 254. The *Collins* court found that plaintiffs could maintain statutory equitable claims under the UCL even though plaintiffs also had legal claims under the CLRA and for fraud. *Id.* at 258-59. However, because plaintiffs had statutory claims under the UCL and CLRA, the court found that their common law claim for unjust enrichment was "unnecessary." *Id.* at 260.[2]

---

[2]      Premier's citation to *In re Sony PS3 Other OS Litig.*, 551 Fed. App'x 916, 923 (9th Cir. 2014), is similarly misplaced. Mot. at 5, 8. *Sony* concerned the dismissal of a claim for unjust enrichment. That court permitted plaintiff to proceed with UCL and CLRA claims.

Plaintiff does not allege common law unjust enrichment claims. She seeks restitution under the UCL and CLRA, which the California Legislature expressly permits.

*Prudential Home Mortg. Co. v. Super. Ct.*, 66 Cal. App. 4th 1236 (1998), also does not support Premier's position. *Prudential* merely holds, consistent with the California Supreme Court's holding in *Altus Fin.*, that a UCL claim cannot be pursued where a separate statute provides the plaintiff with exclusive and complete relief. *Id.* at 1249-50; *Altus Fin.*, 36 Cal. 4th at 1303 ("the fact that there are alternative remedies under a specific statute does not preclude a UCL remedy, unless the statute itself provides that the remedy is to be exclusive"); *see also Loeffler v. Target Corp.*, 58 Cal. 4th 1081, 1126 (2014) ("[I]n some instances, an action may not lie under the UCL because another statutory scheme provides the exclusive means for resolving disputes."). Plaintiff in *Prudential* sought injunctive relief under the UCL to force defendant to properly record reconveyances. 66 Cal. App. 4th at 1249. The *Prudential* court concluded that because the Legislature expressly prescribed reconveyance procedures by statute, "we must assume the statutory remedies are adequate, thus precluding equitable relief under the [UCL]." *Id.* at 1250. Premier ignores this analysis and holding.

Instead, Premier misleadingly quotes from *Prudential* and represents that under *Prudential*, the UCL requires proof of an inadequate remedy at law. Premier states: "[I]n *Prudential Home Mortgage v. Superior Court*, the California Court of Appeals similarly held that the UCL is 'subject to fundamental equitable principles, including inadequacy of the legal remedy.'" Mot. at 8 (citing *Prudential*, 66 Cal. 4th at 1249). However, the phrase Premier quotes from *Prudential* is not a quote from the court's holding; it is a quote of the defendant's argument in *Prudential*. The *Prudential* court explained: "Petitioners … argue the availability of the statutory relief is subject to fundamental equitable principles, including inadequacy of the legal remedy." 66 Cal. App. 4th at 1249. The *Prudential* court never found this to be true. Rather, the *Prudential* court simply found that because other statutes expressly provided reconveyance procedures, the court was "not at liberty to disturb this determination" by providing separate injunctive relief under the UCL. *Id.* at 1250.

BLOOD HURST & O'REARDON, LLP

1    Unlike the statute at issue in *Prudential*, the relief provided by the CLRA is not

2    exclusive. Therefore, there is no basis for dismissing Plaintiff's UCL claim.

3    Nothing in *Prudential* can be read as requiring proof of an inadequate remedy at law to

4    obtain relief under the UCL. Nonetheless, the district court cases cited by Premier stem from

5    the same incorrect reading of *Prudential*. None of these cases are precedential, none conduct

6    the analysis concerning a statutory right to equitable relief, none analyze the controlling

7    appellate authority cited above and all contradict the express language of the UCL and CLRA.

8    The district courts in these cases arrive at their conclusions without a proper analysis.

9    The first of these cases was *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 U.S. Dist.

10   LEXIS 58286 (N.D. Cal. May 31, 2011). In *Rhynes*, plaintiff alleged strict liability, negligence

11   and UCL claims related to defective hip implants. *Id*. at \*2-3. Defendant argued that plaintiff

12   could not obtain relief under the UCL because damages available under the product liability

13   claims provided adequate relief. *Id*. at \*9. Incorrectly relying on *Prudential* for the premise

14   that UCL actions require proof of "no adequate remedy at law," the *Rhynes* court held that the

15   compensatory damages sought for strict liability and negligence provided "an adequate remedy

16   at law to redress [plaintiffs'] alleged injuries." *Id*. at \*10.

17   The *Rhynes* court however, never considered the UCL's express equitable authority,

18   the UCL's "cumulative" remedies provision, or the California case law interpreting the UCL

19   as providing relief in addition to other remedies absent statutory authority otherwise. *See Altus*

20   *Fin.*, 36 Cal. 4th at 1303. The *Rhynes* court failed to cite or discuss the controlling appellate

21   authority including *Cortez* and *Allied Grape* which hold that an inadequate remedy at law is

22   not required under the UCL. *See Allied Grape*, 203 Cal. App. 3d at 453-54.

23   The district court cases that followed *Rhynes* simply followed its incorrect citation to

24   *Prudential* without analysis. *See Bird v. First Alert, Inc.*, No. C 14-3585 PJH, 2014 U.S. Dist.

25   LEXIS 176390, at\*13-14 (N.D. Cal. Dec. 19, 2014) (incorrectly citing *Prudential* and

26   dismissing UCL claim where plaintiff sought damages under the CLRA); *Gardner v. Safeco*

27   *Ins.*, No. 14-cv-02024-JCS, 2014 U.S. Dist. LEXIS 78379, at \*24 (N.D. Cal. June 6, 2014)

28   (incorrectly citing *Prudential* and dismissing UCL claim where damages sought for breach of

BLOOD HURST & O'REARDON, LLP

16

Case No. C-13-01271 RS

PLTF'S OPPO TO MOTION TO DISMISS CLAIMS RE EQUITABLE RESTITUTION

BLOOD HURST & O'REARDON, LLP

1    contract); *Durkee v. Ford Motor Co.*, No. C 14-0617 PJH, 2014 U.S. Dist. LEXIS 122857, at

2    *6-7 (N.D. Cal. Sept. 2, 2014) (incorrectly citing *Prudential* and dismissing UCL and CLRA

3    claims where warranty claim alleged); *Philips v. Ford Motor Corp.*, No. 14-CV-02989-LHK,

4    2015 U.S. Dist. LEXIS 88937, at *52-54 (N.D. Cal. July 7, 2015) (incorrectly citing

5    *Prudential*, dismissing UCL and CLRA claims based on *Durkee*, *Gardner*, and *Ryhnes*, and

6    noting that plaintiffs "provide no answer" to the argument); *Duttweiler v. Triumph*

7    *Motorcycles (Am.) Ltd.*, No. 14-cv-04809-HSG, 2015 U.S. Dist. LEXIS 109805 (N.D. Cal.

8    Aug. 19, 2015) (incorrectly citing *Prudential* and relying on *Bird* and *Ryhnes*); *Moss v. Infinity*

9    *Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016) (relying on *Philips*, *Gardner*, and

10   *Ryhnes* without citation to any California case law that proof of an adequate remedy at law is

11   required); *Robinson v. C.R. Bard, Inc.*, No. 16-cv-00942-JST, 2016 U.S. Dist. LEXIS 80019,

12   at *7 n.3 (N.D. Cal. June 17, 2016) (relying on *Philips* and *Ryhnes* without analysis and noting

13   that plaintiff "offers no argument to the contrary"); *Fonesca v. Goya Foods, Inc.*, No. 16-CV-

14   02559-LHK, 2016 WL 4698942, at *7 (N.D. Cal. Sept. 8, 2016) (relying on *Philips*); *Munning*

15   *v. Gap, Inc.*, 238 F. Supp. 3d 1195, 1203 and n.6 (N.D. Cal. 2017) (incorrectly citing

16   *Prudential* and following *Philips*, *Zapata*, *Moss*, *Gardner*, and *Ryhnes*); *Nguyen v. Nissan N.*

17   *Am., Inc.*, No. 16-CV-05591-LHK, 2017 U.S. Dist. LEXIS 55501 (N.D. Cal. Apr. 11, 2017)

18   (relying on *Duttweiler*, *Munning*, *Bird*, *Durkee*, and *Philips*).

19          None of these courts cites to a single California case, other than incorrectly citing

20   *Prudential*. Additionally, none of these courts conducted the relevant analysis under *Trailer*

21   *Train* concerning the language and purpose of the UCL and CLRA. Whether it was a failure of

22   the plaintiffs in these cases to raise the correct legal arguments or simply a failure of the courts

23   in their analysis, these courts got it wrong and should not be followed.

24          The only case cited by Premier discussing the UCL's cumulative remedies provision is

25   *Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. CV 15-8629 FMO (Ex), 2016 WL 7486600, at

26   *13-14 (C.D. Cal. Sept. 27, 2016). Mot. at 14. Although the *Salas* court noted the UCL's

27   cumulative remedies provision, it followed the same faulty reasoning of the other courts and

28   relied on *Philips* without analysis for the proposition that "[s]tatutory relief under the UCL is

1    subject to fundamental equitable principles, including inadequacy of the legal remedy." *Salas*,

2    2016 WL 7486600, at \*14. However, *Philips* only held this based on an incorrect citation to

3    *Prudential*. *Philips*, 2015 U.S. Dist. LEXIS 88937, at \*52.

4            No California appellate decision, including *Prudential*, has ever found that relief under

5    the UCL or CLRA is subject to proof that there is an inadequate remedy at law. The courts in

6    *Cortez* and *Allied Grape* expressly found to the contrary. The express language of the UCL

7    and CLRA support this conclusion as they expressly confer equitable jurisdiction, expressly

8    provide for restitution and injunction relief, and expressly provide that their remedies are

9    cumulative to other remedies, including legal remedies.

10   **C.      If the Court Finds Plaintiff Cannot Pursue Only Restitution, Amendment
11            Should Be Granted to Seek Damages Under the CLRA**

12           "The court should freely give leave [to amend] when justice so requires." Fed. R. Civ.

13   P. 15(a)(2). "[T]he underlying purpose of Rule 15 … [is] to facilitate decision on the merits,

14   rather than on the pleadings or technicalities." *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir.

15   2000). By its Motion, Premier concedes that there is an available legal remedy under the

16   CLRA that could be pled. Accordingly, should the Court find that Plaintiff cannot pursue only

17   restitution because an adequate legal remedy may exist under the CLRA, the Court should

18   grant leave to amend so that Plaintiff may allege that remedy.

19   **IV.     CONCLUSION**

20           For the foregoing reasons, Premier's Motion should be denied.

21                                           Respectfully submitted,

22   Dated: November 28, 2017               BLOOD HURST & O'REARDON, LLP
                                            TIMOTHY G. BLOOD (149343)
23                                          THOMAS J. O'REARDON II (247952)
                                            PAULA R. BROWN (254142)
24

25                                          By:      *s/ Timothy G. Blood*
                                                    TIMOTHY G. BLOOD
26
                                            501 West Broadway, Suite 1490
27                                          San Diego, CA  92101
                                            Tel: 619/338-1100
28                                          619/338-1101 (fax)
                                            tblood@bholaw.com

BLOOD HURST & O'REARDON, LLP

toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

THE VEEN FIRM
CRAIG M. PETERS (1840180)
711 Van Ness Avenue, Suite 220
San Francisco, CA  94120
Tel: 415/673-4800
415/771-5845 (fax)
c.peters@veenfirm.com

CARLSON LYNCH SWEET KILPELA
  & CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA  92101
Tel: 619/762-1910
619/756-6991 (fax)
tcarpenter@carlsonlynch.com

DICELLO LEVITT & CASEY LLC
ADAM J. LEVITT (*pro hac vice*)
Ten North Dearborn Street, Eleventh Floor
Chicago, IL  60602
Tel: 312/214-7900
alevitt@dlcfirm.com

SIPRUT PC
JOSEPH J. SIPRUT (*pro hac vice*)
17 N. State Street, Suite 1600
Chicago, Illinois  60602
Tel: 312/236-0000
312/948-9212 (fax)
jsiprut@siprut.com

*Additional Attorneys for Plaintiff*

BLOOD HURST & O'REARDON, LLP

1

**CERTIFICATE OF SERVICE**

2

I hereby certify that on November 28, 2017, I electronically filed the foregoing with the

3

Clerk of the Court using the CM/ECF system which will send notification of such filing to the

4

e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have

5

mailed the foregoing document or paper via the United States Postal Service to the non-

6

CM/ECF participants indicated on the Electronic Mail Notice List.

7

I certify under penalty of perjury under the laws of the United States of America that

8

the foregoing is true and correct. Executed on November 28, 2017.

9

10

s/ *Timothy G. Blood*
TIMOTHY G. BLOOD

11

12

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BLOOD HURST & O'REARDON, LLP