UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT D. MULLINS, et al.,<br><br>Plaintiffs,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>Defendant. | Case No. 13-cv-01271-RS<br><br>**ORDER GRANTING MOTION TO DISMISS** |

# I. INTRODUCTION

On August 24, 2017, plaintiff Kathie Sonner filed her second amended class action complaint ("SAC"), which dropped the prayer for damages under the California Legal Remedies Act ("CLRA"), including punitive damages, in favor of seeking restitution and injunctive relief under the CLRA and the California Unfair Competition Law ("UCL"). Defendant Premier Nutrition now moves to dismiss Sonner's claims for restitution on the grounds that her voluntary dismissal of damages contentions does not demonstrate inadequacy of a remedy at law. For the reasons set forth below, the motion is granted.

# II. BACKGROUND[1]

Premier Nutrition makes and sells Joint Juice, a dietary supplement beverage that contains

---

[1] All facts recited in this section are drawn from the SAC and taken as true for the purposes of deciding this motion.

glucosamine and chondroitin. Premier's marketing and labeling states that Joint Juice "helps to support and nourish cartilage," to "lubricate joints," that it was developed by an orthopedic surgeon for pro athletes to "keep joints healthy and flexible," and that it "lubricates and cushions the cartilages in [] joints." SAC ¶¶ 30-32, 35. Sonner alleges that these and other statements in Joint Juice's marketing are false and misleading because the glucosamine and chondroitin in Joint Juice purportedly do not provide any of the represented joint health benefits. Sonner asserts that she and other consumers who purchased Joint Juice incurred financial harm, as they would not have purchased the product had they known it does not provide the claimed joint health benefits.

In her second amended complaint, Sonner asserts on behalf of herself and a class of Joint Juice consumers in California, two claims for relief: (1) violation of Business & Professions code § 17200 *et seq*. (UCL), and (2) violation of California Civil Code § 1750 *et seq*. (CLRA). The SAC prays for (i) an award of equitable restitution and disgorgement, and (ii) injunctive relief enjoining Premier from continuing its allegedly deceptive advertising, and ordering Premier to engage in a corrective advertising campaign.

### III. LEGAL STANDARD

A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). While "detailed factual allegations are not required," a complaint must have sufficient factual allegations to "state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 566 U.S. 662, 678 (2009) (citing *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007)). A claim is facially plausible "when the pleaded factual content allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* This standard asks for "more than a sheer possibility that a defendant acted unlawfully." *Id.* The determination is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Id.* at 679.

A motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of the claims alleged in the complaint. *See Parks Sch. of Bus., Inc. v. Symington*, 51 F.3d 1480, 1484 (9th Cir. 1995). Dismissal under Rule 12(b)(6) may be based on either the

"lack of a cognizable legal theory" or on "the absence of sufficient facts alleged under a cognizable legal theory." *UMG Recordings, Inc. v. Shelter Capital Partners LLC*, 718 F.3d 1006, 1014 (9th Cir. 2013). When evaluating such a motion, the Court must "accept all factual allegations in the complaint as true and construe the pleadings in the light most favorable to the nonmoving party." *Knievel v. ESPN*, 393 F.3d 1068, 1072 (9th Cir. 2005). When a plaintiff has failed to state a claim upon which relief can be granted, leave to amend should be granted unless "the complaint could not be saved by any amendment." *Gompper v. VISX, Inc.*, 298 F.3d 893, 898 (9th Cir. 2002) (citation and internal quotation marks omitted).

## IV. DISCUSSION

Premier argues that Sonner's claim for equitable restitution must be dismissed because she has an available adequate legal remedy through a claim for damages under the CLRA.[2] In general, a plaintiff seeking equitable relief must first demonstrate that her remedy at law is inadequate. *See, e.g., State of Ga. v. Brailsford*, 2 U.S. 402, 408 (1792) ("[S]uits in equity shall not be sustained . . . in any case where plain, adequate, and complete remedy may be had at law."); *Franklin v. Gwinnett Cty. Pub. Sch.*, 503 U.S. 60, 75-76 (1992) ("it is axiomatic that a court should determine the adequacy of a remedy in law before resorting to equitable relief"); *In re Ford Tailgate Litig.* No. 11-CV-2953-RS, 2014 WL 3899545 at *3 (N.D. Cal. Aug. 8, 2014) (claims for equitable relief are "available where there is no adequate remedy at law"); *Porporto v. Devincenzi*, 261 Cal. App. 2d 670, 674 (1968) ("inadequacy of the legal remedy is the 'keystone of equitable jurisdiction'").

Accordingly, courts in the Northern District have routinely dismissed equitable claims brought under the UCL and CLRA on the pleadings—including claims for restitution—where the

---

[2] Although Premier brings its motion to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6), Premier's arguments regarding standing appear to be entirely premised on the "availability" of equitable restitution as a remedy to Sonner. It is unclear how this adequacy-of-pleading issue necessarily implicates Sonner's standing to seek a remedy for past harm more generally. Therefore, Premier's motion will be analyzed under the standards governing Rule 12(b)(6) only.

plaintiff fails to establish that there is no adequate remedy at law available.[3] Premier contends that here, Sonner has an adequate remedy at law under a claim for damages pursuant to the CLRA. That she has elected to drop her damages claim, Premier argues, does not alter that analysis. In the Ninth Circuit, the relevant test is whether an adequate damages remedy is available, not whether the plaintiff elects to pursue it, or whether she will be successful in that pursuit. *See McKesson HBOC, Inc. v. New York State Common Ret. Fund, Inc.*, 339 F.3d 1087 (9th Cir. 2003) (explaining that whether a plaintiff chose to pursue potential legal remedies against any number of parties did not alter the availability of the remedies at law); *Bird v. First Alert, Inc.*, No. 14-cv-03585-PJH, 2014 WL 7248734 at *7 (N.D. Cal. Dec. 19, 2014) (dismissing equitable claims under the UCL and CLRA while also dismissing CLRA damages claims with leave to amend); *Rhynes v. Stryker Corp.*, No. 10-cv-05619-SC, 2011 WL 2149095 at *4 (N.D. Cal. May 31, 2011) ("Plaintiffs' argument that they will have no adequate remedy at law if their other claims fail is unavailing. Where the claims pleaded by a plaintiff *may* entitle her to an adequate remedy at law, equitable relief is unavailable.") (emphasis in original).

As an initial matter, Sonner argues that Premier waived its adequacy of legal remedy argument by failing to raise it in any of its answers or prior motions, despite the existence of both equitable and damages claims in every prior version of the complaint. In response, Premier contends that it is entitled to challenge the sufficiency of Sonner's pleadings with respect to the form of relief sought, pursuant to Federal Rule of Civil Procedure 12(b)(6). Because Premier's

---

[3] *Nguyen v. Nissan North America*, No. 16-cv-05591-LHK, 2017 WL 1330602 at *4 (N.D. Cal. Apr. 11, 2017); *Munning v. Gap*, 238 F. Supp. 3d 1195, 1203 (N.D. Cal. 2017); *Robinson v. C.R. Bard*, No. 16-cv-00942-JST, 2016 WL 3361825 at *3 (N.D. Cal. June 17, 2016); *Zapata Fonseca v. Goya Foods*, No. 16-cv-02559-LHK, 2016 WL 4698942 at *7 (N.D. Cal. Sept. 8, 2016); *Moss v. Infinity Ins. Co.*, 197 F. Supp. 3d 1191, 1203 (N.D. Cal. 2016); *Duttweiler v. Triumph Motorcycles*, No. 14-cv-04809-HSG, 2015 WL 4941780 at *8 (N.D. Cal. Aug. 19, 2015); *Phillips v. Ford Motor Co.*, No. 14-cv-02989-LHK, 2015 WL 4111448 at *16 (N.D. Cal. July 7, 2015); *Gardner v. Safeco Ins.*, No. 14-cv-02024-JCS, 2014 WL 2568895 at *8 (N.D. Cal. June 6, 2014); *Bird v. First Alert*, No. 14-cv-3585 PJH, 2014 WL 7248734 at *6 (N.D. Cal. Dec. 19, 2014); *Durkee v. Ford Motor Co.*, No. 14-cv-0617 PJH, 2014 WL 4352184 at *2-3 (N.D. Cal. Sept. 2, 2014); *Rhynes v. Stryker Corp.*, No. 10-5619 SC, 2011 WL 2149095 at *4 (N.D. Cal. May 31, 2011).

responsive pleadings preserved its right to oppose Sonner's claims on Rule 12(b)(6) grounds, it believes that adequacy of legal remedy is properly raised at this juncture. At the hearing on its motion to dismiss, Premier also argued persuasively that from a practical perspective, it would have made little sense to challenge Sonner's equitable claims before she dropped her damages contentions, because the case would have proceeded to trial on the damages claim anyway. On balance, given that the utility of raising this issue became apparent only recently, due in part to a strategic decision by plaintiffs, Premier's adequacy of legal remedy argument will be duly considered.

Sonner contends that she need not establish an inadequate remedy at law because traditional equitable requirements can be eliminated by statute. Relying upon *Trailer Train Co. v. State Bd. of Equalization*, 697 F.2d 860 (9th Cir. 1983), Sonner argues that where a statute provides for equitable relief, a plaintiff may recover that relief without showing an inadequate remedy at law. *See Trailer Train*, 697 F.3d at 869; *see also United States v. White*, 893 F. Supp. 1423, 1430 (C.D. Cal. 1995) (citing *Trailer Train* and holding that "[w]here a statute expressly provides for injunctive relief, . . . the party need not establish irreparable injury or inadequate legal remedies"). In *eBay v. Mercexchange, LLC*, 547 U.S. 388 (2006) and *Winter v. Natural Resources Defense Council*, 555 U.S. 7 (2008), the Supreme Court instructed that courts must look to the applicable statute to determine whether equitable relief is specifically intended without proof of traditional equitable principles. Contrary to Premier's assertions, Sonner maintains that courts in the Ninth Circuit continue to apply *Trailer Train*, rejecting standard requirements for equitable relief where "an injunction is sought to prevent the violation of a federal statute which specifically provides for injunctive relief." *See Antoninetti v. Chipotle Mexican Grill*, 643 F.3d 1165, 1175-76 (9th Cir. 2010).[4] Because the UCL and the CLRA expressly provide a statutory right to restitution

---

[4] *See also Macias v. Lange*, No. 14cv2763-GPC(JMA), 2017 U.S. Dist. LEXIS 86901, at *23 (C.D. Cal. June 6, 2017); *Carpenters Sw. Admin. Corp. v. Archetype Interiors*, No. CV 15-9694 FMO (RAOx), 2016 U.S. Dist. LEXIS 66846, at *10 (C.D. Cal. May 20, 2016); *United States v. Elliot*, No. SACV 13-1582-JLS (JPRx), 2014 U.S. Dist. LEXIS 132943, at *23 (C.D. Cal. Sept. 3, 2014); *Perez v. Alkanan, Inc.*, No. CV 13-09228 GAF (JEMx), 2013 U.S. Dist. LEXIS 180909, at *3-4 (C.D. Cal. Dec. 27, 2013); *Facebook, Inc. v. Fisher*, No. C 09-05842 JF (PSG), 2011 U.S.

regardless of what other remedies may or may not be available, Sonner argues, a plaintiff seeking relief under those statutes is not required to plead an inadequate remedy at law. Following that principle, Sonner asserts California courts hold that proof of inadequate remedy at law is not required to obtain relief under the UCL. *See Allied Grape Growers v. Bronco Wine Co.*, 203 Cal. App. 3d, 432, 453-54 (1988); *Cortez v. Purolator Air Filtration Prods Co.*, 23 Cal. 4th 163, 171 (2000). Sonner insists that because the UCL expressly provides that injunctive relief and restitution are cumulative to each other and other remedies provided by independent causes of action, the existence of such remedies does not preclude relief under the UCL. *See Cortez*, 23 Cal. 4th at 175-77; *Callaghan v. BMW of N. Am. LLC*, No. 13-cv-4794-RS, 2014 U.S. Dist. LEXIS 46374 at *18 (N.D. Cal. Apr. 2, 2014). Preclusion will only be found when another statute expressly provides the exclusive remedy for the plaintiff's alleged harm. *State v. Altus Fin.* 36 Cal. 4th 1284, 1303 (2005) (concluding that a section of the insurance code's grant of exclusive authority to the Insurance Commissioner precluded the Attorney Generals' authority to seek a restitutionary remedy under the UCL). Similarly, Sonner argues that the CLRA provides for any number of remedies, including actual damages, restitution, and injunctive relief. Sonner takes the position that because those remedies are also cumulative to those available under other statues, proof of inadequate remedy at law is not required.

As Premier points out, none of the California authorities that Sonner relies upon shed light on the critical question here: whether a plaintiff may seek a remedy for past harm when she has an adequate remedy at law for that exact same past harm. *Allied Grape Growers* stands for the proposition that a plaintiff is entitled simultaneously to seek money damages under the CLRA for past injury, and an injunction under the UCL to prevent future harm. Premier contends that *Allied*

---

Dist. LEXIS 9668, at *7-8 (N.D. Cal. Jan. 26, 2011); *Constr. Laborers Trust Fund for S. Cal. Admin. Co. v. Play Smart Surfacing, Inc.*, No. 13-00582-VAP (DTBx), 2013 U.S. Dist. LEXIS 163762, at *16 (C.D. Cal. Nov. 12, 2013); *United States v. Organic Pastures Dairy Co.*, 708 F. Supp. 2d 1005, 1011-12 (E.D. Cal. 2010); *Solis v. Timber Savers, Inc.*, No. 3:10-CV-547- BLW, 2010 U.S. Dist. LEXIS 128773, at *4-7 (D. Idaho Dec. 3, 2010); *City of New York v. Golden Feather Smoke Shop, Inc.*, 597 F.3d 115, 120-21 (2d Cir. 2010).

*Grape Growers* does not guide the issues here, because Premier does not object to Sonner's right to seek an injunction. Sonner's reliance on *Cortez* is also inapposite, because the issue in that case was whether unpaid wages were a categorically legal remedy that a court had no power to award under the UCL. *Cortez*, 23 Cal. 4th at 177. The resolution to that question has no bearing on the outcome of this case. According to Premier, *Trailer Train* and its progeny similarly lack applicability, as the availability of injunctive relief is not being questioned.[5] Moreover, the "cumulative" nature of remedies under the UCL "does not explicitly eliminate or undermine the requirement that equitable remedies are subject to fundamental equitable principles, including inadequacy of a legal remedy." *Salas v. Toyota Motor Sales, U.S.A., Inc.*, No. 15-cv-8629 FMO (ex), 2016 WL 7486600 (C.D. Cal. Sept. 27, 2016).[6] In light of Sonner's inability to point to any authority squarely addressing the issue in this case, Premier urges adherence to the path taken by other courts in this district, resulting in the dismissal of Sonner's equitable restitution claim.

In response, Sonner contends that all eleven decisions cited with approval in Premier's moving papers stem from an incorrect reading of the California Court of Appeal's decision in *Prudential Home Mortgage v. Superior Court*, 66 Cal. App. 4th 1236 (1998), namely its purported holding that the UCL is "subject to fundamental equitable principles, including inadequacy of the legal remedy." This quote, as Sonner points out, is the *Prudential* court's summary of an argument made by the defendant and not a direct pronouncement of the court. That being said, the court adopted the defendant's reasoning in rendering its decision, relying upon the existence of adequate remedies at law as grounds for rejecting the plaintiff's request for separate equitable relief under the UCL. *See Prudential*, 66 Cal. App. 4th at 1250 ("Because the Legislature has prescribed these backup methods when a lender fails to execute a request for reconveyance under subdivision

---

[5] Premier also criticizes Sonner's reliance on *Callaghan v. BMW*, as the contention that a plaintiff make seek damages for past harm in addition to a forward looking injunction is similarly undisputed.

[6] On this point, Sonner's reliance on *Altus Finance* appears to be misplaced, as that case did not specifically address an adequacy of remedy at law issue.

(b)(1) of Civil Code section 2941, *we must assume the statutory remedies are adequate, thus precluding equitable relief under the Business and Professions Code.*") (emphasis added).

After the hearing on Premier's motion, Sonner submitted supplemental authority in response to the Court's inquiry as to the existence of any cases involving a jury trial resulting in a defendant's favor, and a subsequent bench trial resulting in an order of restitution to the plaintiff: specifically, whether any authority existed for the proposition that damages and equitable restitution are interchangeable remedies for the same harm. Sonner points to several cases involving a jury trial followed by a bench trial, where the plaintiff received both an award of damages and restitution arising out of the same conduct, under the same statutes at issue here. These cases, however, merely stand for the unchallenged propositions that restitution may be awarded where damages are found to be inadequate, and that a court generally follows a jury's findings of fact in a bench trial on the same claims. It remains doubtful that a court could part ways with a jury's finding on liability and award restitution as a replacement for damages, or by extension, that a court could award restitution without any determination on damages. Here, Sonner has brought a claim under the CLRA, which provides for a damages remedy. That she has elected not to request damages does not relieve her from having to show that her remedy at law is inadequate. Because she has not done so, and—having dropped her prayer for damages despite being advised of the potential consequences—is unable to do so, she may not proceed on her equitable claims for restitution in lieu of a damages claim.

## V. CONCLUSION

For the reasons set forth above, the motion to dismiss is granted and the claims for equitable restitution and disgorgement under the CLRA and the UCL are dismissed.

**IT IS SO ORDERED**.

Dated: January 23, 2018

RICHARD SEEBORG
United States District Judge