BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)
501 West Broadway, Suite 1490
San Diego, CA 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

Attorneys for Plaintiff and the Class

[Additional Counsel Appear on Signature Page]

**UNITED STATES DISTRICT COURT**

**NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION**

| | |
|---|---|
| VINCENT D. MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant. | Case No. C-13-01271 RS<br><br>**PLAINTIFF'S NOTICE OF MOTION AND MEMORANDUM IN SUPPORT OF MOTION TO DISMISS WITHOUT PREJUDICE CLAIM FOR INJUNCTIVE RELIEF**<br><br><u>CLASS ACTION</u><br><br>Date:        April 19, 2018<br>Time:       1:30 p.m.<br>Judge:      Honorable Richard Seeborg<br>Courtroom: 3, 17th Floor<br><br>Complaint Filed:   March 21, 2013<br>Trial Date:            May 10, 2018 |

**NOTICE OF MOTION AND MOTION TO DISMISS WITHOUT PREJUDICE
<u>CLAIM FOR INJUNCTIVE RELIEF</u>**

TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

PLEASE TAKE NOTICE that on April 19, 2018, at 1:30 p.m., in Courtroom 3 of the above entitled Court, Plaintiff Kathleen Sonner will and hereby does move to dismiss without prejudice her claim for injunctive relief.

This motion is based on the accompanying memorandum and the exhibits thereto, and all the pleadings, orders, and other documents on file in this action.

Dated: March 12, 2018                            BLOOD HURST & O'REARDON, LLP

                                                 By:      *s/ Timothy G. Blood*
                                                          TIMOTHY G. BLOOD

**TABLE OF CONTENTS**

**Page**

I.  INTRODUCTION ................................................................................................................ 1

II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND............................. 1

III. FEDERAL COURTS LACK SUBJECT MATTER JURISDICTION........................... 2

    A.  Article III and *Davidson* ................................................................................. 2

    B.  Here, Article III Is Not Satisfied and the Case Must Be Dismissed .................... 6

IV. CONCLUSION ................................................................................................................ 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. INTRODUCTION

If a federal court does not have subject matter jurisdiction pursuant to Article III, it cannot adjudicate the plaintiff's claims. In October 2017, the Ninth Circuit resolved an issue which has "dramatically" split district courts in this circuit with regard to Article III in injunctive relief cases like the one present here: "to what extent a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief." *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017).[1] If a plaintiff will not purchase the product at issue in the future, Article III standing is lacking, and the case should be dismissed without prejudice.

This Court recently dismissed Plaintiff's prayer for restitution. At issue is a single form of relief—an injunction—for violations of California's Unfair Competition Law, Bus. & Prof. Code § 17200 ("UCL") and the Consumers Legal Remedies Act, Cal. Civ. Code § 1750 ("CLRA"). If under *Davidson* the Court does not have jurisdiction over this claim, it should be dismissed without prejudice. Plaintiff's testimony is clear that she will not purchase Joint Juice or any glucosamine and chondroitin product again because glucosamine and chondroitin supplements do not work. Therefore, federal subject matter jurisdiction does not exist over this claim. Plaintiff's injunctive relief claim must be dismissed without prejudice.

## II. RELEVANT FACTUAL AND PROCEDURAL BACKGROUND

On March 21, 2013, this action was filed on behalf of Vincent Mullins and others who purchased Joint Juice. *See* Doc. No. 1. On September 12, 2014, a First Amended Complaint ("FAC") was filed substituting Kathie Sonner ("Plaintiff"), the current named plaintiff and class representative, for Mr. Mullins. Doc. No. 63. On behalf of Plaintiff and Joint Juice purchasers nationwide, the FAC sought restitution, damages, and injunctive relief for violations of the UCL and CLRA.

---

[1] Unless stated otherwise, internal citations are omitted.

1    By orders dated April 15, 2016 and June 20, 2016, the Court certified a Class consisting of all persons who purchased Joint Juice in California from March 1, 2009 to June 20, 2016, and denied Defendant's motion for summary judgment. Doc. Nos. 133, 134, 137.

On August 24, 2017, Plaintiff filed the operative Second Amended Complaint ("SAC"). The SAC continued to allege violations of the UCL and CLRA and sought restitution and injunctive relief, but dropped the request for legal damages under the CLRA in accordance with California's statutory scheme. Doc. No. 201. On November 9, 2017, Defendant filed a motion to dismiss Plaintiff's claim for restitution, but not her claim for injunctive relief. Doc. No. 216. The Court granted Defendant's motion and dismissed the claims for restitution with prejudice. Doc. Nos. 229, 238. Accordingly, there are no live claims for restitution or damages. The Court has set a May 10, 2018, date for the bench trial of Plaintiff's injunctive claim. Doc. No. 238.

### III.   FEDERAL COURTS LACK SUBJECT MATTER JURISDICTION

#### A.   Article III and *Davidson*

"[F]ederal courts are always 'under an independent obligation to examine their own jurisdiction,' and a federal court may not entertain an action over which it has no jurisdiction." *Hernandez v. Campbell*, 204 F.3d 861, 865 (9th Cir. 2000). Unlike state courts, "[f]ederal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute[.]" *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994).

It is not enough that standing exists when a lawsuit commences; standing must exist at all stages of the litigation, is not waivable, and the parties cannot stipulate to it. *Seven Words LLC v. Network Solutions*, 260 F.3d 1089, 1095 (9th Cir. 2001) (Observing that "[a]n actual controversy must be extant at all stages of review, not merely at the time the complaint was filed", finding that plaintiff's claims for prospective injunctive and declaratory relief became no longer available during the pendency of the appeal, and ordering dismissal of the case as moot.); *Bayer v. Neiman Marcus Grp.*, 861 F.3d 853, 861-62, 868 (9th Cir. 2017) (same); *see also Tulacz v. Federal Transit Admin.*, No. 91-1010-JO, 1992 U.S. Dist. LEXIS 12511, at *12

(D. Or. Apr. 8, 1992) (the parties cannot stipulate to Article III standing) (citing *FW/PBS, Inc. v. City of Dallas*, 493 U.S. 215, 231 (1990)). If Article III is not satisfied, the court does not have jurisdiction to hear the case. *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 (2016); *see also ProtectMarriage.com – Yes on 8 v. Bowen*, 752 F.3d 827, 834 (9th Cir. 2014) ("The judicial branch loses its power to render a decision on the merits of a claim, when a federal court can no longer effectively remedy a 'present controversy' between the parties.").

"A plaintiff must demonstrate constitutional standing separately for each form of relief requested." *Davidson*, 873 F.3d at 1113. "For injunctive relief, which is a prospective remedy, the threat of injury must be actual and imminent, not conjectural or hypothetical." *Id*. "Past exposure to illegal conduct does not in itself show a present case or controversy regarding injunctive relief … if unaccompanied by any continuing, present adverse effects." *O'Shea v. Littleton*, 414 U.S. 488, 495-96 (1964). "Where standing is premised entirely on the threat of repeated injury, a plaintiff must show a sufficient likelihood that he will again be wronged in a similar way." *Davidson*, 873 F.3d at 1113; *see also Gest v. Bradbury*, 443 F.3d 1177, 1181 (9th Cir. 2006) (When prospective relief is sought, a plaintiff must show he is "realistically threatened by repetition of the violation."); *Munns v. Kerry*, 782 F.3d 402, 411 (9th Cir. 2015) ("Once a plaintiff has been wronged, he is entitled to injunctive relief only if he can show that he faces a real or immediate threat … that he will again be wronged in a similar way.").

In *Davidson*, plaintiff alleged defendant violated the UCL and CLRA by falsely advertising its "Scott Wipes" as "flushable." 873 F.3d at 1107. Plaintiff purchased Scott Wipes "believing it would be easier and more sanitary to flush wipes than to throw them in the garbage." *Id*. at 1108. However, once she began using Scott Wipes, plaintiff learned they "felt sturdy and thick" and "did not disperse in the toilet bowl like toilet paper," so she stopped using the wipes and never purchased them again. *Id*. Plaintiff alleged that contrary to the "flushable" representation, "Kimberly-Clark manufactures these [wipes] products with strong fibers that do not efficiently disperse when placed in a toilet." *Id*. Nevertheless, plaintiff continued to desire to purchase truly flushable wipes:

PLAINTIFF'S NOTICE OF MOTION AND MOTION TO DISMISS CLAIM FOR INJUNCTIVE RELIEF
00132716

> Yet Davidson "continues to desire to purchase wipes that are suitable for disposal in a household toilet," and "would purchase truly flushable wipes manufactured by [Kimberly-Clark] if it were possible to determine prior to purchase if the wipes were suitable to be flushed." Davidson regularly visits stores that sell Kimberly-Clark's flushable wipes but is unable to determine, based on the packaging, whether the wipes are truly flushable. Davidson would not have purchased the Scott Wipes, or would have paid less for the Scott Wipes, had Kimberly-Clark not "misrepresented (by omission and commission) the true nature of their Flushable Wipes."

*Id.* at 1108. The district court dismissed the injunctive relief claim, finding that "Davidson lacked standing to seek injunctive relief because she was unlikely to purchase Kimberly-Clark's flushable wipes in the future." *Id*. at 1109. The plaintiff appealed.

Prior to *Davidson*, courts in this Circuit had "split dramatically" on "to what extent a previously deceived consumer who brings a false advertising claim can allege that her inability to rely on the advertising in the future is an injury sufficient to grant her Article III standing to seek injunctive relief." 873 F.3d at 1113. *Davidson* "resolve[d] this district court split" by holding that "a previously deceived consumer may have standing to seek injunctive relief" if she "faces an imminent or actual threat of future harm" due to the false advertising. *Id*. at 1115-16.

The Ninth Circuit in *Davidson* explained that the threat of future harm may be "the consumer's plausible allegations that she will be unable to rely on the product's advertising or labeling in the future, and so will not purchase the product although she would like to," or it may be the "consumer's plausible allegations that she might purchase the product in the future" as she may reasonably, but incorrectly, assume the product was improved. *Id*. at 1115. The *Davidson* court concluded that the plaintiff's "allegation that she has no way of determining whether the representation 'flushable' is in fact true when she regularly visits stores … where Defendants' 'flushable' wipes are sold constitutes a threatened injury" sufficient under Article III. *Id*. at 1116.

Shortly following *Davidson*, the Ninth Circuit issued an unpublished opinion in *Victor v. R.C. Bigelow, Inc.*, 708 Fed. Appx. 333, 334 (9th Cir. 2017), affirming the district court's summary judgment ruling that plaintiffs lacked Article III standing to seek an injunction. The

BLOOD HURST & O'REARDON, LLP

Ninth Circuit held that plaintiffs did not face a real or imminent risk of harm where they "[would] not consider buying even properly labeled tea until they receive an injunction[.]" *Id*. at 334. The *Victor* court concluded that plaintiffs "will not be harmed by wondering if the tea is still mislabeled or by buying the tea without knowing if it is still mislabeled." *Id*.

Given *Davidson*, district courts now consider a threshold question when determining if a previously deceived plaintiff has standing to pursue injunctive relief: does plaintiff desire to purchase the product in the future if defendant corrects its advertising? If the answer is no, there can be no threat of future harm, the inquiry ends, and there is no standing. However, if the plaintiff continues to desire to purchase the product, she might have standing. *See Peacock v. The 21st Amendment Brewery Cafe, LLC*, No. 17-cv-01918-JST, 2018 U.S. Dist. LEXIS 7537, at *26-27 (N.D. Cal. Jan. 17, 2018) ("Unlike the plaintiff in *Davidson*, however, at no point does [plaintiff] state or even imply any intent or desire to purchase 21st Amendment beers in the future. Therefore, [plaintiff] has not adequately alleged that he faces an imminent or actual threat of future harm caused by 21st Amendment's false advertising."); *Zemola v. Carrington Tea Co., LLC*, No. 17cv760-MMA (KSC), 2018 U.S. Dist. LEXIS 11781, at *2-3, 6 (S.D. Cal. Jan. 24, 2018) (Plaintiff alleged being deceived by false labeling of coconut oil as "healthy." Given *Davidson*, the court found standing for injunctive relief where plaintiff alleged he "remain[s] in the market for, and interested in purchased healthy cooking oils" and "[i]f he encountered the [coconut oil] Products containing the same or similar health and wellness labeling claims in the future, [he] might reasonably [] assume that the Products had been reformulated to make them healthier, or that new scientific evidence supported the claims, and on that basis would consider and likely be interested in purchasing the Products again."); *Hunter v. Nature's Way Prods., LLC*, No. 16-cv-0532-WQH-AGS, 2018 U.S. Dist. LEXIS 3962, at *8-10 (S.D. Cal. Jan. 9, 2018) (analyzing *Davidson* and finding plaintiff lacked standing to pursue injunctive relief where she did not allege (1) "she continues to desire to purchase a healthy alternative cooking oil", (2) that she would purchase defendant's cooking oil if she knew it was a healthy alternative, (3) that she has no way to determine if defendant's future representations about healthy cooking oils are true, or (4) that she shops where

defendant's coconut oil is sold.); *Haley v. Macy's, Inc.*, No. 15-cv-06033-HSG, 2017 U.S. Dist. LEXIS 210486, at *11 (N.D. Cal. Dec. 21, 2017) ("In light of *Davidson*, the Court finds that Plaintiffs' allegations that absent an injunction they cannot rely on Defendant's advertisements in the future … are sufficient to allege standing to seek injunctive relief."); *Tyler Barnett PR, LLC v. Facebook, Inc.*, No. 16-cv-062323-JSW, 2017 U.S. Dist. LEXIS 207720, at *14 (N.D. Cal. Dec. 18, 2017) (In case alleging Facebook misrepresented its advertising analytics, the court granted leave to amend to allege a theory of standing under *Davidson*, if plaintiffs could plead facts giving rise to a plausible risk of harm by "(1) being subjected to inaccurate analytics in the future, or (2) being unable to rely on the accuracy of Facebook's analytics in the future.").

### B. Here, Article III Is Not Satisfied and the Case Must Be Dismissed

Under *Davidson*, federal courts do not have jurisdiction over Plaintiff's claim for injunctive relief because Plaintiff does not desire to purchase any glucosamine or chondroitin product, including Joint Juice, in the future.

The assertion here is that glucosamine and chondroitin do not work. It is a matter of biochemistry, as every independent study and meta-analyses has found. Glucosamine and chondroitin are not going to start working in the future and thus, there will never be a glucosamine and chondroitin product that is truthfully advertised as providing joint health. Therefore, Plaintiff has no interest in purchasing a glucosamine and chondroitin product, including Joint Juice, in the future.

In contrast, in *Davidson*, plaintiff wanted to purchase wipes that were flushable and was willing to purchase them from defendant or someone else if the wipes were truly flushable. Whereas wipes may be reformulated to become flushable, the science is clear that glucosamine and chondroitin will never start providing joint health benefits.

The only reason Plaintiff purchased Joint Juice was to obtain glucosamine and chondroitin's advertised joint health benefits:

///

///

> Q: [] So when you purchased Joint Juice, was the fact that it contained glucosamine at all important to you?
>
> A: Yes.
>
> Q: All right. Why?
>
> A: Because that's what they said was going to help me, the glucosamine and chondroitin.

Ex. A[2] (Sonner Depo.) at 92:15-21; *see also id.* at 87:16-88:2, 88:12-89:1; Declaration of Kathie Sonner in Support of Plaintiff's Motion to Dismiss Without Prejudice Claim for Injunctive Relief ("Sonner Decl."), ¶2; Doc No. 133 at 38.

Plaintiff purchased and consumed Joint Juice, but found it did not provide the advertised joint health benefits. Ex. A (Sonner Depo.) at 24:14-20 ("I took the supplement and I felt absolutely no difference whatsoever."), 59:6-10, 129:23-130:6; Sonner Decl., ¶3. Plaintiff is now aware that glucosamine and chondroitin supplements have been extensively studied and proven ineffective. Ex. A (Sonner Depo.) at 89:2-7, 100:12-18; Sonner Decl., ¶4; *see also* Doc. No. 101-3 (Pltf's MSJ Opposition) at 6. Had Plaintiff known the truth about glucosamine and chondroitin at the time of her purchase, she would not have purchased Joint Juice. Sonner Decl., ¶5.

Because she purchased Joint Juice only for its advertised joint health benefits, and now believes the claims are not true and can never be true, Plaintiff will not in the future be purchasing a glucosamine and chondroitin supplement, including Joint Juice, and, at any rate does not trust Premier Nutrition. Sonner Decl., ¶¶6-7; Ex. A (Sonner Depo.) at 126:11-127:11 ("this company is blatantly lying to the public"). A plaintiff who has no desire to purchase a product in the future cannot satisfy the Ninth Circuit's test for Article III standing to pursue injunctive relief.

///

///

///

---

[2] "Ex." References are to the Declaration of Timothy G. Blood in Support of Plaintiff's Motion to Dismiss Without Prejudice Claim for Injunctive Relief.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff requests that the Court dismiss her claims for injunctive relief without prejudice for lack of Article III standing.

Respectfully submitted,

Dated: March 12, 2018

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)
PAULA R. BROWN (254142)

By:      *s/ Timothy G. Blood*
TIMOTHY G. BLOOD

501 West Broadway, Suite 1490
San Diego, California 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com
pbrown@bholaw.com

*Class Counsel*

AMICUS TRIAL LAW, P.C.
CRAIG M. PETERS (1840180)
369 Pine St., Suite 600
San Francisco, CA 94104
Tel: 415/988-9828
cpeters@advocatetrialgroup.com

CARLSON LYNCH SWEET KILPELA
  & CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: 619/762-1910
619/756-6991 (fax)
tcarpenter@carlsonlynch.com

DICELLO LEVITT & CASEY LLC
ADAM J. LEVITT (*pro hac vice*)
Ten North Dearborn Street, Eleventh Floor
Chicago, IL 60602
Tel: 312/214-7900
alevitt@dlcfirm.com

SIPRUT PC
JOSEPH J. SIPRUT (*pro hac vice*)
17 N. State Street, Suite 1600
Chicago, Illinois 60602
Tel: 312/236-0000
312/948-9212 (fax)
jsiprut@siprut.com

*Additional Attorneys for Plaintiff*

**CERTIFICATE OF SERVICE**

I hereby certify that on March 12, 2018, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the Electronic Mail Notice List, and I hereby certify that I have mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the Electronic Mail Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct. Executed on March 12, 2018.

*s/ Timothy G. Blood*
TIMOTHY G. BLOOD

BLOOD HURST & O'REARDON, LLP
501 West Broadway, Suite 1490
San Diego, CA  92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com