UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| VINCENT D. MULLINS, et al.,<br><br>  Plaintiffs,<br><br>  v.<br><br>PREMIER NUTRITION CORPORATION,<br><br>  Defendant. | Case No. 13-cv-01271-RS<br><br>**ORDER OF DISMISSAL WITH PREJUDICE** |

This case arises out of plaintiff Kathie Sonner's purchase and consumption of defendant Premier Nutrition's Joint Juice product, a dietary supplement beverage that contains glucosamine and chondroitin. Sonner asserts that Premier's marketing of the product is false and misleading because glucosamine and chondroitin do not provide any joint health benefits. After extensive and at times perplexing motion practice, Sonner now moves to dismiss this action on the grounds that she lacks Article III standing to pursue injunctive relief. Because no other claims remain, Sonner asks that the case be dismissed without prejudice.

Under *Davidson v. Kimberly-Clark Corp.*, 873 F.3d 1103, 1113 (9th Cir. 2017), a consumer bringing a false advertising claim cannot demonstrate standing to seek an injunction if she affirmatively states she will not purchase the product at issue in the future. Sonner now avers that she does not desire to purchase any glucosamine or chondroitin products, as they do not provide joint health benefits and will never do so. Because Sonner purchased and consumed Joint Juice products only for their advertised joint health benefits, now that she believes those claims are

not true and can never be true, Sonner does not intend to purchase them in the future. She also states that her decision not to buy Joint Juice products is based in part on her distrust of Premier. *See* Declaration of Kathie Sonner in Support of Plaintiff's Motion to Dismiss Claim for Injunctive Relief ¶¶ 6-7.

Based on the averments above, as set out in Sonner's sworn affidavit, Premier agrees that Sonner lacks standing to seek injunctive relief. Premier, however, argues that because Sonner's affidavit makes clear that she not only lacks standing, but that her lack of standing can never be cured, the case should be dismissed with prejudice. *See, e.g., Silva v. City of Los Angeles*, 215 F. Supp. 2d 1079, 1086 (C.D. Cal. 2002), *aff'd*, 84 F. App'x 950 (9th Cir. 2003) (dismissing class action with prejudice because "[plaintiff] has neither alleged Article III standing nor standing to seek injunctive relief. . . [because] the standing defect cannot be cured . . . [plaintiff]'s complaint is dismissed with prejudice.") (internal citations omitted). Premier contends that Sonner can never satisfy the requirements for an injunction because she affirmatively refuses to buy another Joint Juice product and thus cannot face future harm from Joint Juice's advertising.

Although Sonner cites numerous cases for the general proposition that dismissal for lack of subject matter jurisdiction should generally be issued without prejudice, she does not address the issue of curability. In any event, it is clear from the face of Sonner's sworn declaration that the jurisdictional defect she asserts cannot be cured by amendment. Accordingly, Sonner's motion to dismiss this action for lack of standing is granted, with prejudice.

**IT IS SO ORDERED**.

Dated:  4/17/18

_____
RICHARD SEEBORG
United States District Judge