| | |
|---|---|
| BLOOD HURST & O'REARDON, LLP<br>TIMOTHY G. BLOOD (149343)<br>THOMAS J. O'REARDON II (247952)<br>501 West Broadway, Suite 1490<br>San Diego, CA 92101<br>Tel: 619/338-1100<br>619/338-1101 (fax)<br>tblood@bholaw.com<br>toreardon@bholaw.com | VENABLE LLP<br>ANGEL A. GARGANTA (163957)<br>JESSICA L. GRANT (178138)<br>101 California Street, Suite 3800<br>San Francisco, CA 94111<br>Tel: 415/653-3750<br>415/653-3755 (fax)<br>aagarganta@venable.com<br>jgrant@venable.com |
| Attorneys for Plaintiffs | Attorneys for Defendant Premier Nutrition Corporation |

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA – SAN FRANCISCO DIVISION

| | |
|---|---|
| VINCENT D. MULLINS, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>PREMIER NUTRITION CORPORATION f/k/a JOINT JUICE, INC.,<br><br>Defendant.<br><br>**[THIS DOCUMENT APPLIES TO ALL RELATED ACTIONS EXCEPT *BLAND*]** | Lead Case No. 3:13-cv-01271-RS<br><br>Related to:<br>3:16-cv-06685-RS (Caiazzo-FL)<br>3:16-cv-06703-RS (Lux-CT)<br>3:16-cv-06704-RS (Ravinsky-PA)<br>3:16-cv-06708-RS (Sandoval-NM)<br>3:16-cv-06721-RS (Dent-IL)<br>3:16-cv-07078-RS (Simmons-MI)<br>3:16-cv-07090-RS (Spencer-MD)<br>3:16-cv-06980-RS (Fishon-NY)<br>3:16-cv-07097-RS (Taylor-NJ)<br>3:17-cv-00054-RS (Schupp-MA)<br>3:19-cv-00875-RS (Bland-CA)<br><br>**JOINT STIPULATION AND ORDER CONTINUING DEADLINES**<br><br><u>CLASS ACTION</u><br><br>District Judge: Hon. Richard Seeborg<br>Courtroom: 3, 17th Floor, SF<br>Magistrate Judge: Donna M. Ryu<br>Courtroom: 4, 3rd Floor, Oakland |

Pursuant to Local Rules 6-1 and 6-2, the parties in the above-captioned Related Actions enter into this stipulation and agreement, subject to the Court's approval, to continue the fact discovery cutoff and motion hearing date. Pursuant to Local Rule 6-2(a), declarations of Angel Garganta and Thomas O'Reardon are concurrently submitted in support of this request.

WHEREAS, on September 20, 2018, the Court held a Case Management Conference in these ten Related Actions during which it lifted the discovery stay, set a fact discovery cutoff of March 20, 2019, and a motion hearing for May 9, 2019. *See* ECF No. 265 in *Mullins v. Premier Nutrition Corporation*.

WHEREAS, the Parties have been diligent in pursuing discovery since the discovery stay was lifted. Plaintiffs' previously propounded document requests and interrogatories were deemed served as of the Case Management Conference, and on October 22, 2018, Premier provided responses and objections to Plaintiffs' first sets of document requests and interrogatories. Prior to Premier's responses being served, the Parties held telephonic meet and confers regarding a discovery plan, including detailed negotiations about specific parameters for searching and producing responsive electronically stored information ("ESI"). On October 11, 2018, the Parties submitted their Stipulation and Proposed Order re: ESI Protocol, which the Court entered on October 31, 2018. *See*, *e.g.*, *Caiazzo v. Premier*, ECF Nos. 34, 39. Following submission of the ESI Protocol, the Parties continued their meet and confer efforts, and on or about October 17, 2018, the Parties reached agreement on custodial sources, non-custodial sources, and keywords for culling Premier's ESI. *See* O'Reardon Decl., ¶ 4. Immediately following agreement on the ESI parameters as discussed above, Premier began collecting and processing the potentially responsive ESI. *See* Garganta Decl., ¶ 3. To date, in these Related Actions, Premier has produced approximately 4,054 documents, totaling 32,819 pages. This includes Premier's first ESI production on January 17, 2019, which consisted of 2,553 documents (21,221 pages), and a subsequent ESI production of 1,119 documents (3,827 pages) on January 25, 2019. Plaintiffs are using an electronic discovery review database for these actions and have loaded these documents onto the database and are reviewing the ESI as

it is being produced by Premier. O'Reardon Decl., ¶ 5. Plaintiffs have also followed up with Premier concerning issues relating to certain of the documents produced and formatting issues, requiring Premier to re-produce numerous documents for Plaintiffs' review. *Id.*

WHEREAS, Premier intends to produce thousands of additional documents, and will complete its ESI production within 30 days. *See* Garganta Decl., ¶ 3. Premier has dedicated full-time contract attorneys to review its ESI, however, the production has taken longer than anticipated given the unexpected volume of the ESI it gathered, and the January departure of Premier's primary attorney in charge of overseeing and managing the document production. *Id.*

WHEREAS, in addition to the ESI efforts, the Parties have engaged in additional discovery efforts. The Parties have conducted several meet and confer conferences about written discovery responses. In response, Premier provided supplemental responses to certain of Plaintiffs' discovery requests, and the Parties are currently meeting and conferring over those supplemental responses. Plaintiffs have also served subpoenas for documents and testimony on seven retailers who sold Joint Juice. Plaintiffs also served a Fed. R. Civ. P. 30(b)(6) deposition notice on Premier, and the Parties anticipate Premier will designate one or more corporate representatives to testify, but Premier states that it will not know its designees until its document production is completed. Plaintiffs have also informed Premier that they anticipate serving deposition notices on current and former Premier employees and will notify Premier of the specific witnesses once Premier's ESI production is completed and Plaintiffs can more fully evaluate those who should be deposed. In addition, the Parties are coordinating dates for depositions of the named plaintiffs in the Related Actions. The Parties have scheduled the depositions of three of those named plaintiffs, which will take place April 3-5 in San Francisco. Given certain scheduling conflicts with Premier's counsel, the remaining Plaintiffs will likely be deposed in late April or May. The Parties are actively working together to coordinate these depositions.

///

///

1     WHEREAS, under the current schedule, the deadline for completing fact discovery is March 20, 2019, and Plaintiffs' motions for class certification are due April 4, 2019. As detailed above and in the attached declarations, the Parties have diligently pursued several different types and sources of discovery, but because of the unexpected volume of documents to be collected, reviewed and produced to Plaintiffs, and the subsequent depositions to be taken, the Parties need more time to complete fact discovery before Plaintiffs file the motions for class certification. One task that needs to be completed are the Rule 30(b)(6) depositions described above. *See* O'Reardon Decl., Ex. A (the Rule 30(b)(6) deposition notice). To have a fair opportunity to meaningfully depose Premier witnesses, Plaintiffs must first receive and analyze Premier's ESI. Here, Premier anticipates producing additional ESI that is responsive to Plaintiffs' discovery requests and will relate to the topics noticed for deposition. Thus, Plaintiffs reasonably need thirty days (or more) from when Premier completes its production in order to analyze the documents before deposing Premier's multiple corporate designees. Plaintiffs also anticipate the need to depose fact witnesses and document custodians before the fact discovery cutoff, but do not yet know who those deponents will be because the document production and review is not complete. Additionally, Premier desires to depose the named Plaintiffs before the discovery cutoff and before the class certification motions are filed. However, given counsel's scheduling conflicts, these depositions will not reasonably be completed until May.

    WHEREAS, the Parties believe there is good cause for the requested extension because they believe that without the extension they will be prejudiced in their ability to present motions for class certification and otherwise obtain factual evidence needed for trial.

    ACCORDINGLY IT IS HEREBY STIPULATED AND AGREED, subject to the approval of the Court, that:

1.     The fact discovery cutoff is continued to July 31, 2019.

2.     The motion hearing is continued to September 26, 2019 at 1:30 PM or as soon thereafter as the Court's schedule permits.

NOW, THEREFORE, this Agreement is entered into by and among the Parties, by and through their respective counsel and representatives.

Dated: March 12, 2019

BLOOD HURST & O'REARDON, LLP
TIMOTHY G. BLOOD (149343)
THOMAS J. O'REARDON II (247952)

By:   *s/ Thomas J. O'Reardon*
      THOMAS J. O'REARDON II

501 West Broadway, Suite 1490
San Diego, California 92101
Tel: 619/338-1100
619/338-1101 (fax)
tblood@bholaw.com
toreardon@bholaw.com

ALTAIR LAW
CRAIG M. PETERS (1840180)
465 California Street, 5th Floor
San Francisco, CA 94104-3313
Tel: 415/988-9828
cpeters@altairlaw.us

CARLSON LYNCH SWEET KILPELA
  & CARPENTER, LLP
TODD D. CARPENTER (234464)
1350 Columbia Street, Suite 603
San Diego, CA 92101
Tel: 619/762-1910
619/756-6991 (fax)
tcarpenter@carlsonlynch.com

*Attorneys for Plaintiffs*

Dated: March 12, 2019

VENABLE LLP
ANGEL A. GARGANTA (163957)
JESSICA L. GRANT (178138)

By:   *s/ Angel A. Garganta*
      ANGEL A. GARGANTA

101 California Street, Suite 3800
San Francisco, CA 94111
Tel: 415/653-3750
415/653-3755 (fax)
aagarganta@venable.com
jgrant@venable.com

VENABLE LLP
JOHN CARLOS VAZQUEZ (*pro hac vice*)
1270 Avenue of the Americas
New York, NY 10020
Tel: 212/370-6293
jcvazquez@venable.com

*Attorneys for Defendant*

**ECF CERTIFICATION**

The filing attorney attests that he has obtained concurrence regarding the filing of this document from the signatories to this document.

Dated: March 12, 2019    BLOOD HURST & O'REARDON, LLP

By:    *s/ Thomas J. O'Reardon*
THOMAS J. O'REARDON II

**ORDER**

Having reviewed the above Joint Stipulation and Proposed Order Continuing Deadlines, IT IS HEREBY ORDERED that the Court finds that good cause exists for the entry of this Order. The fact discovery cutoff is continued to July 31, 2019. The motion hearing is continued to __September 26__, 2019 at __1:30 PM__.

**IT IS SO ORDERED.**

DATED: __3/13/19__

THE HONORABLE RICHARD SEEBORG
UNITED STATES DISTRICT COURT JUDGE